[Hawkins v. Ross.]

# Hawkins *v.* Ross.

*Statutory Action of Ejectment.*

| 100 | 459 |
|-----|-----|
| 108 | 78 |
| 108 | 216 |

| 100 | 459 |
|-----|-----|
| 111 | 306 |
| 114 | 241 |
| 100 | 459 |
| 120 | 610 |
| 122 | 307 |

| 100 | 459 |
|-----|-----|
| 128 | 351 |

| 100 | 459 |
|-----|-----|
| 144 | 538 |

1. *Title to land does not pass by parol estoppel*—A parol estoppel can not operate a transfer of the legal title to land, such estoppel is good, alone, in equity.

2. *Wife as surety for husband.*—Under the statutes of this State the wife can not directly or indirectly become the surety for the husband, and a mortgage by the wife of her statutory separate estate to secure his debt is void.

3. *Proof of execution of deed.*—The execution of a deed, if not acknowledged or probated and admitted to record in the manner required by statute to make it self proving, must be proved by witnesses; the admissions or declarations of the parties, themselves, (not made in open court, or in writing for the purpose of a trial when they are parties litigant) are not admissible for such purpose.

4. *Charge ignoring part of the evidence.*—While a house was being built on a lot then owned in common by defendant and H., the latter mortgaged his undivided half to defendant's husband, who borrowed money from plaintiff to complete payment for the house; giving him a note and mortgage, in which defendant joined, on the undivided half, and also, conveying the H. mortgage. On foreclosure of both mortgages, plaintiff bought in the property, and brought ejectment for the whole lot. Defendant set up that the lot was her separate property; that she had paid her share in the house, and signed the note and mortgage, at her husband's request, to enable him to pay the rest. On these facts it was error to give a charge on the theory that the claim of separate estate extended to the whole lot, ignoring the title under the H. mortgage.

5. *Charge as to wife's mortgage for husband's debt.*—There was no error in a charge that if half the debt incurred for the house was H.'s, and H. then owned half the lot, and defendant paid her half, and her husband, not she, borrowed the money from plaintiff, the debt was the husband's and defendant could not make a valid mortgage therefor.

6. *Possession referable to legal title.*—Where a woman inheriting land from her father, who died in possession, continues in possession, and on her marriage her husband comes and lives with her on the land, her possession thereafter is referable to her title, and not to his, and goes to establish her separate estate therein.

7. *Charge as to admissions of wife as to husband's title.*—Where defendant, who could not read or write, admitted that she had a deed from her brother to her husband, which she had failed to produce on notice and she testified that she had had it made, and paid her brother for it; that he made it to her husband, by mistake, instead of to her; that she told her brother that it was unnecessary to make it at all; and that she did not know where the deed was, but supposed it was with her husband's papers; the jury were properly charged to consider her admissions, not in proof of the execution or contents of the deed, but merely with other evidence to show that she recognized her husband's title.

[Hawkins v. Ross.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was a statutory action of ejectment, brought by the appellant against the appellee; and sought to recover the possession of certain lands specifically described in the complaint. There was judgment for the defendant, and plaintiff appeals.

The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence the court, in its oral charge to the jury instructed them as follows: "There was a deed sought to be proven purporting to be executed by Elbert Armstrong to J. H. Ross. That deed was not proven, and does not therefore convey any title to the land. Its execution and contents were not proven. For what purpose then were the admissions of Mrs. Ross that she had such a deed in her possession evidence against her. Simply to show the fact that she recognized the title of her husband. With regard to this admission, you must consider it all as evidence, the making of the deed, the payment of the money and the mistake in the deed. They are all circumstances going to show the character of her possession when she made them, but are not competent proof of the execution and contents of the deed, or to show that it conveyed the title."

The plaintiff duly excepted to this portion of the oral charge, and also separately excepted to the court's refusal to give the fifteen written charges requested by him. The opinion of the court makes it unnecessary to set these charges out in detail.

The plaintiff also separately excepted to the court's giving, at the request of the defendant, the following written charges: (1.) "If the jury believe from the evidence in this case that J. H. Ross when he made the mortgage to Hawkins had no title to land sued for at the time he made the mortgage to Hawkins, and the debt for which the mortgage was made to secure was the debt of Ross and not Mrs. Ross, and that the land sued for was the separate statutory estate of Mrs. Ross, then the plaintiff can not recover, and the jury will find for defendant. (2.) "If the jury believe that the lands sued for have been occupied by defendant openly and notoriously claiming to own the same continuously ever since her father died during the war, and just before the war closed, except one year when she rented it out, that her tenant occupied for her that year, then such occupancy would create in her a separate statutory estate and create such title as she can defend this action,

[Hawkins v. Ross.]

and unless she made the mortgage to secure the debt of hers, then she is entitled to recover in this action, and the jury will so find." (3.) "If the jury believe from the evidence that one-half of the debt incurred in building the house was Hanes,' and he owned at that time one-half of the lot, and that Mrs. Ross paid her half of the house debt, and that J. H. Ross, her husband, borrowed the money from Hawkins for which the mortgage was made to secure, and that Mrs. Ross did not borrow the money, but her husband borrowed it, then the debt was her husband's debt, and under the law the wife can not make a valid mortgage to secure the debt of her husband."

HEWITT, WALKER & PORTER, for the appellant.

W. D. BULGER, for the appellee.

HARALSON, J.—This suit is a statutory action in the nature of ejectment, by the appellant, Hawkins, to recover from Elmira Ross, the appellee, a certain lot of land described in the complaint.

The pleas upon which issue was joined and the cause tried were, not guilty, and a special plea of coverture, in which the defendant alleged, "that the property sued for, was her statutory separate estate, at the time of the execution of the conveyance upon which the plaintiff relies for a recovery; that she was, at the time of the execution of said conveyance, a married woman, the wife of J. H. Ross, and was living with him as his wife in Jefferson county, Alabama, and that the only consideration for the execution of said conveyance was to secure a debt contracted by her husband."

The evidence tends to show, that one E. S. Hanes claimed an undivided half interest in the lot sued for, and to secure a debt of $500, which he owed to J H. Ross, he and his wife mortgaged his half interest in said lot to said Ross. This title the defendant recognized, for she testified, "That Hanes, who owned a half interest in the lot was to pay according to the agreement, half of the cost of the house (built on the lot) and she the other half, which she did pay." It appears that Ross, who succeeded to Hanes' half interest in the lot, had an equal interest with his wife, the defendant, in having the house built.

As to defendant's title, the proof tends to show, that she inherited the property from her father, who owned, and died in possession of it, about the year 1865, and that defendant

[Hawkins v. Ross.]

has, since that time, been in possession claiming it as her own, and that while she was living on, and claiming it as her property, she intermarried with J. H. Ross, who came and resided with her. His residence on the land, under such circumstances, was consistent with her continued possession, which will be referred to her title and not to his.—*Motley v. Jones*, 98 Ala. 443.

To show that plaintiff had acquired the defendant's title, he introduced a mortgage on an undivided half interest in the property in suit, executed on the 14th March, 1890, by J. H. Ross and his wife, the defendant, to secure a note for $690, which was also signed by the same parties. The name of J. H. Ross was signed first to the mortgage and note. This mortgage was on an undivided half interest in said lot and conveyed also, the "note and mortgage for $500, made on the 13th of December, 1889, by F. S. Hanes and Sarah Hanes to J. H. Ross." It was also shown, that these mortgages were respectively foreclosed, after their law day, in accordance with their terms, and that plaintiff became the purchaser of the property, for the amount of his debt. As further tending to show that the debt secured by said mortgage was the debt of defendant, and not that of her husband, the plaintiff introduced one Rowan, a mechanic, who aided in building the house, which was subject to a mechanic's lien, as was claimed, and he testified, that when the house was completed, the contractors declined to turn it over to defendant and her husband, until the balance due on it was paid; that thereupon, the husband of the defendant stated to witness in the presence of defendant, that he would go to plaintiff and get the money with which to pay that balance; that he went away, and afterwards returned, and again, in the presence of the defendant, told witness that he had procured the money from plaintiff, and then paid it to witness in her presence. The witness stated, however, on his cross examination, that the contract for the construction of the house was made with J. H. Ross and E. H. Hanes, and that each was to pay half of the amount due on it. He did not testify that J. H. Ross borrowed the money for his wife, the defendant, that she authorized him to borrow it, or that she knew he was borrowing it for her.

The defendant testified, she was not present on the occasion testified to by Rowan, when he said her husband stated he would go to plaintiff to get the money, nor was she in the same room when the money obtained by him from the plaintiff, to pay on the house, was paid to said Rowan; that she knew before he borrowed it, that he intended to do so,

[Hawkins v. Ross.]

and knew that he did borrow it and paid it out on the balance due on said house. But she testifies, that she never borrowed any money from, or made any debt with the plaintiff; that she paid to her husband $500 to go into the house which was built; that she had paid all she owed on the house, and had signed the note and mortgage at her husband's request, knowing that the debt evidenced by them was for the money her husband borrowed from the plaintiff to pay the sum remaining due on the house.

The plaintiff introduced other evidence tending to show that defendant made application to the Probate Court, after her husband's death, to have dower set apart to her, out of her husband's lands; that commissioners were appointed who went to her house to enquire as to what land he owned, and his deeds were read over by them, and among them was one purporting to be executed by Elbert Armstrong, conveying the lands in controversy to said J. H. Ross, and that defendant made no claim to the land purporting to be conveyed by it, as part of her statutory separate estate, and that she said the only real estate she did claim as her statutory separate estate, was a lot in Leeds, and that to all the other property, including that sued for, she made no such claim. Notice to produce this deed had been given to the attorney of defendant and she had failed to produce it on the trial.

The defendant testified in reply as to this matter, that she did have in her possession, at the time of her husband's death, a deed purporting to be executed by said Armstrong to J. H. Ross for the land in controversy; that she had taken the deed herself, and had paid Armstrong six dollars for it; that it was to have been made to her, but by mistake it was made to her husband, and that she had said to Armstrong, who was her brother, that it was unnecessary to make the deed at all; that she did not know where it was, at the time of the trial, but supposed it was with her husband's papers; she had not looked for it. It was also shown defendant could not read or write.

The court allowed the admissions of the defendant, that she had accepted said deed from said Armstrong, to be introduced for the purpose of showing, or tending to show, a recognition of the title of said J. H. Ross by the defendant, and the jury were enjoined not to consider them for any other purpose.

It is settled in this State, whatever may be the rule elsewhere, that a parol estoppel cannot operate a transfer of the legal title to land. It is good alone in equity.—*Barker v.*

*Bell*, 37 Ala. 359; *Nelson v. Kelly*, 91 Ala. 575; *McCarty v. Woodstock Iron Co.*, 92 Ala. 468. Even where one is seized in fee of land, and induces another to purchase it at execution sale, or stands by and sees it done, without protest, he is not estopped in a court of law, from afterwards asserting his title against the purchaser.—*McPherson v. Walters*, 16 Ala. 714; *Drake v. Glover*, 30 Ala. 382 ; *Harden v. Darwin*, 77 Ala. 473.

Under the statutes of this State, the wife cannot directly or indirectly become the surety for the husband. Code § 2349. And a mortgage by the wife of her statutory separate estate, to secure the husband's debt is void.—*Heard v. Hicks*, 82 Ala. 484; *Lansden v. Boon*, 90 Ala. 447.

The execution of a deed, if not acknowledged or probated and admitted to record in the manner required by statute to render it self-proving, must be proved by one or more of the subscribing witnesses. *Coker v. Ferguson*, 70 Ala. 284; *Caldwell v. Pollak*, 91 Ala. 354 ; *Florence L. & M. Co. v. Warren*, 91 Ala. 533.

If the deed is not self-proving by a certificate of acknowledgment, then, so long as the evidence of the subscribing witnesses can be produced, it is the best, the primary and the only evidence of its execution. The admissions or declarations of the parties themselves (not made in open court, or in writing for the purpose of a trial when they are the parties litigant) are not admissible for this purpose."—*Russell v. Walker*, 73 Ala. 315; *Askew v. Steiner*, 76 Ala. 221 ; *Coleman v. The State*, 79 Ala. 50; *Richmond & Danville R. R. Co. v. Jones*, 92 Ala. 219 ; 1 Gr. Ev. § 560.

Applying the foregoing principles to the charges given and refused, and it appears the charges requested by plaintiff and refused, (sixteen in number) are either so plainly opposed to the principles we have announced above, as governing this case, or otherwise so manifestly illegal, we deem it unnecessary to review them in detail.

Charges 1 and 2 given at the request of defendant, ignore the plaintiff's title to an undivided half interest in the property sued for, as derived by him under a foreclosure of the mortgage of Hanes and wife to him, which title the defendant recognized and did not dispute, but which she withholds from plaintiff, and which undivided half interest as for anything hypothesized in said charges, the plaintiff was entitled to recover. They should have been refused.

There was no error in charge 3, given for defendant, nor to that part of the oral charge excepted to, constituting the

[Moses Bros. et al. v. Home Building and Loan Association.]

basis of the 20th assignment of errors, of which plaintiff can complaim.

For the error in giving charges 1 and 2 requested by defendant, the cause must be reversed.

Reversed and remanded.