# Elston *et al.* v. Comer.

## *Statutory Action of Ejectment.*

1. *Execution of conveyances; delivery.*—Where after due signature and attestation of a conveyance, the grantor files it in the probate office for record, this constitutes a sufficient delivery, completing the execution of the instrument.

2. *Construing deed absolute on face to be mortgage; mortgage by wife to secure husband's debt.*—Where contemporaneously with the execution of a deed, a written agreement is made between the parties, reciting that the deed was executed in consideration of a specified debt due by the grantors, husband and wife, to the grantees, and providing that if the debt with interest is paid by a named time, the grantors shall be reinstated in the possession of the land, but that should they fail to pay the amount due with interest by such time, the grantees were to take full possession of the premises. The note evidencing the debt was surrendered on the execution of the deed. and the grantors were to remain in possession until the debt was payable, paying rent for a part of the time; *Held*, that the deed and agreement are to be construed together, and so construed, show that the deed was in effect a security for a continuing debt, notwithstanding the surrender of the note, and it being

[Elston *et al.* v. Comer.]

shown that the debt was that of the husband and the property that of the wife, the deed is void.

APPEAL from Anniston City Court.

Tried before Hon. JAS. W. LAPSLEY.

The facts of this case are sufficiently shown by the opinion.

MATTHEWS & WHITESIDE for appellant.

THOMAS W. COLEMAN, JR., *contra.*

McCLELLAN, J.—Taking the evidence of the plaintiff on the question of the delivery of the deed by her father to her to show no more than that after due signature and attestation of the paper it was filled by the grantor in the probate office for record—and it certainly shows this much —that constituted a legal and efficacious delivery completing the execution of the deed.—*Elsberry v. Boykin,* 65 Ala. 336.

We find from the evidence upon which the judge of the city court heard this cause without jury, that J. T. Comer joined with his wife, Parmelia, in the execution of the deed to C. N. and Mary Towns in the manner essential to the alienation of a wife's separate estate, and that this deed was duly attested by two witnesses, as the statute requires.

It is also clear upon the testimony, we think, that this deed did not evidence the whole of the transaction which at the time of its execution transpired between the parties, but, to the contrary, that as a part of the same transaction and covered by the previous negotiations and understanding as a result of and under which the deed was executed, the grantees therein executed the instrument adduced in evidence by the plaintiff below, which must therefore be taken as a part of the deed as though it were physically incorporated therewith, and which is in the following language : "This agreement entered into between C. N. and Miss Mary Towns, of the first part, and J. T. and Parmelia Comer, of the second part, witnesseth that in consideration of the sum of $657.70, due the party of the first part, the party of the second part have deeded to the party of the first part one hundred and five acres [of land] more or less upon the considera-

tion that they, the party of the second part, are to hold possession of said land until the first of November, 1891, agreeing however to pay the party of the first part one bale of cotton weighing 500 lbs. on first of November, 1890, as rent for the place. Upon the consideration further that if they, the party of the second part, do by the first of November, 1891, pay to the party of the first part the sum of six hundred and fifty-seven dollars and seventy cents, with interest, the party of the first part agree to reinstate them to the possession of the land, but if the party of the second part fail to pay the amount due with interest, the first of Nov. 1891, then the party of the first part are to take full possession of said premises." This instrument is dated May 7, 1890, attested by J. W. Anderson and bears the signatures of C. N. Towns and Mary Towns. Construing this agreement and the deed from Parmelia and J. T. Comer together in the light of the purposes for which both were executed and of the circumstances attending the transaction, it becomes necessary to determine whether this deed was intended primarily to operate as a security for a debt, and to become an absolute conveyance, ultimately only in the contingency that the debt was not paid. If so, the debt being that of the husband and the land being the property of the wife, the deed is void.— Code, § 2349, *Hawkins v. Ross*, 100 Ala. 459.

There was a debt involved in the transaction which constituted the whole consideration for the deed of the wife's lands to C. N. and Mary Towns. Its amount was $657.70, the sum recited in the agreement copied above as being due to the party of the first part to that instrument. This debt was contracted years before by J. T. Comer, to Warnock in greater part and to I. N. Towns in the remaining part. I. N. Towns assumed the payment of the sum due Warnock from J. T. Comer at the latter's request and took notes from Comer and wife for it. He also took their notes, it seems for the amount of the debt which J. T. Comer contracted directly with him. The debt thus due from J. T. Comer to I. N. Towns was in some part, it may be concluded, for family necessaries suitable to the degree and condition in life of Comer and his wife and family, and might therefore have been made a charge upon her land, but this not on the theory that it was her debt at all, and the existence of right to im-

pose such charge did not make it her debt, or any the less the debt solely of the husband. Being all along the debt of the husband, her signature to the notes which evidenced it at the time of this land transaction was in reality made in the capacity of a surety, and hence did not bind her. This debt of the husband was used by I. N. Towns in having the husband and wife convey the wife's land to C. N. and Mary Towns, who are children of the said I. N. Towns, to the end and for the purposes shown by the agreement of the grantees in said deed copied above. At the time of the execution of said deed and agreement I. N. Towns surrendered to Comer the notes which then evidenced said debt. On these facts we are called upon to declare whether the debt continued to exist and its payment was intended to be secured by the deed of Comer and wife to C. N. and Mary Towns. From all the circumstances taken in connection with the agreement, we reach the conclusion that the deed was intended to secure the payment of a continuing debt. The agreement itself evidences in very clear terms that the amount named as the consideration for the deed was still *due* to the grantees therein; the recitation is "that in consideration of the sum of $657.70 due the party of the first part," the grantees in the deed. The grantors by the terms of the agreement were to remain in possession of the land for substantially two years in any event; and if they should in that time pay to the grantees said sum of $657.70 *with interest*, the deed was to be inoperative, but, on the other hand, if the grantors failed "*to pay the amount due with interest*," on the first of November, the grantors were, upon and only upon such failure, to take possession of the land under said conveyance. How could it be said, as it is said in this agreement, that this $647.70 was *due* and continued to be payable up to Nov. 1, 1891, if it had been paid by the conveyance of the land on May 7, 1890? Upon what was interest to be paid as stipulated in this contract if not upon this as a continuing debt? There is not a word or an intimation in this paper about a repurchase of the land; but its whole purpose and scope is to provide for the payment of a debt and interest upon it and for the avoidance of the deed upon such payment by a certain date. On the face of the papers there was a continuing obligation on the grantors to pay the debt,

[Elston *et al.* v. Comer.]

else it could not have been said to be due from them. And there was both a right and obligation on the part of the grantees to receive such payment, and thereupon to fully "reinstate" the grantors in the possession of the land. Then too the grantors were to continue in possession of the land; and while there was a stipulation for the delivery of one bale of cotton for the place for the year 1890, during which it seems to have been contemplated nothing would be paid on the debt, it is not improbable that this stipulation was made because of an apprehension that the land would not be sufficient security for the debt and nearly two years interest upon it. For the year 1891 the grantors were not to pay any rent, nor to deliver cotton or other thing for the use of the place, but on Nov. 1st of that year they were to be reinstated in the possession and ownership of the land as if no conveyance had been made, simply on the payment of the debt and interest. This continued possession, which for the greater part of the time was to be without charge is as entirely inconsistent with the idea that there was an extinguishment of the debt by a sale of the land as it is entirely consistent with the theory that the debt was kept alive and intended merely to be secured by the conveyance of the land. We attach little importance to the fact that the notes held by I. N. Towns were delivered to Comer at the time of this land transaction. The debt due him he intended to enure to the benefit of his children, these grantees, and in the view we take of the transaction its payment to them was as fully secured as if the notes had been assigned to them.

Upon these considerations we hold that the deed of Parmelia and J. T. Comer to C. N. and Mary Towns was made to secure the debt of plaintiff's husband, and was therefore void. Plaintiff having shown title in herself and this alleged deed being inoperative to divest it out of her, she was entitled to recover the land, and the damage awarded; and the judgment of the city court to that affect must be

Affirmed.