# McNeil *et al.* v. Davis & Son.

*Statutory Action of Ejectment.*

105  657
107  247
108  216
105  657
114  241
105  657
122  294
122  307
105  657
141  679

1. *Husband and wife; mortgage by wife to secure husband's debt invalid.*—A mortgage given by a wife on her separate property to one who is surety for her husband, or co-surety with him, on a debt for which the husband may be held liable as principal, to indemnify such surety or co-surety against all loss or damage by reason of his suretyship, is within the influence of the statute (Code, § 2349,) which provides that "the wife shall not, directly or indirectly, become the surety for the husband," and such mortgage is void.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

John T. Davis & Son, appellees, brought a statutory action of ejectment against the appellants, Pauline McNeil and her husband, Daniel McNeil, to recover certain property described in the complaint. The defendants pleaded the general issue, and, by two special pleas that at the time of the execution of the mortgage, under which the plaintiffs claim the title to the land sued for, Mrs. Pauline McNeil, one of the defendants, was the wife of Daniel McNeil, and that the property conveyed in the mortgage was her separate estate, and that the mortgage was made to secure a debt of her husband.

The contention of the plaintiff is shown in the opinion. The defendants introduced evidence which substantiated their several pleas. There was other evidence tending to show that the note upon which McNeil & Co.

42

and Purcell were sureties, evidenced a debt contracted with Davis & Sons in the purchase of machinery.

Upon the introduction of all the evidence, the court at the request of the plaintiffs instructed the jury as follows: ''If the debt which constitutes the basis of the mortgage, upon which the plaintiffs sue in this case, was, at the time the mortgage was executed, the debt of Thomas Brantley, then, although the debt was secured by P. R. McNeil & Co., of which firm Daniel McNeil was a member, the plaintiffs are entitled to recover the property sued for, if the jury further believe from all the evidence that Daniel McNeil was not responsible for the machinery debt at the time said debt and mortgage to Davis & Son were created.'' To the giving of this instruction the defendants separately excepted, and also separately excepted to the court's refusal to give, among other charges requested by them, the following: (1.) ''If the jury believe from the evidence in this case that should the property conveyed in the mortgage be sold, and when sold under the power contained in the mortgage, the proceeds of said property would go in liquidation of a debt that Dan McNeil was liable for, then the mortgage would be invalid, and the jury must find for the defendants.'' (2.) ''If the jury believe from the evidence that this mortgage was given to secure W. H. Purcell for becoming a security to the note signed by Thomas Brantley, P. R. McNeil & Co. and W. H. Purcell, and which note was introduced by plaintiffs, then the jury must find for the defendants, because Pauline McNeil was not liable on said note referred to, and she could not, directly or indirectly, become responsible for her husband's debt.'' (3.) ''The court further charges that Pauline McNeil was not liable on the note made to J. T. Davis & Son, in her individual capacity; that Dan McNeil was liable on said note. The court further charges the jury that if the mortgage was given to secure W. H. Purcell for becoming security on the note made to J. T. Davis & Son and which was signed by P. R. McNeil & Co., then the mortgage was not valid, and the jury must find for the defendant, because Mrs. McNeil could not, directly or indirectly, become responsible for the debt of her husband, who was liable on said note.''

There were verdict and judgment for the plaintiffs.

[McNeil *et al.* v. Davis & Son.]

The defendants appeal, and assign as error the giving of the charges as requested by the plaintiffs, and the refusal to give the several charges asked by the defendants.

G. L. COMER, for appellants.

T. W. ESPY, *contra.*—There is no prohibition in the statute against a wife becoming surety of a person other than her husband. She may contract as if she were *sole* with the assent or concurrence of her husband expressed in writing. In this case the wife became surety of Brantley, and her husband gave his assent in writing as required by section 2346 of the Code.—Code of 1886, § 2349; *Sheldon v. Carter*, 90 Ala. 380; *Scott v. Cotten*, 91 Ala. 623.

COLEMAN, J.—The appellees brought the statutory action of ejectment against Pauline McNeil, to recover a certain lot or parcel of land, which was claimed as her separate estate. The plaintiffs' title was that of a transferee of a mortgage of the property sued for, executed by Pauline McNeil and her husband to one Purcell, the title to which, by proper conveyance, was transferred by Purcell to plaintiffs. The defendants pleaded the general issue and two other special pleas, and the case was tried upon issue joined. The errors assigned are based upon the instructions given for plaintiff and the refusal of the court to instruct the jury as requested by the defendants.

We will state the facts as contended for by the plaintiffs. One Brantley, with McNeil & Co. and Purcell as sureties, executed a promissory note to plaintiffs to procure a loan of money to Brantley. McNeil, of the firm of McNeil & Co., was the husband of Pauline McNeil. To induce Purcell to sign the note as surety, Pauline McNeil and her husband, executed the mortgage to him, to indemnify him (Purcell) against all loss or damage by reason of his said suretyship on the note to plaintiffs. The legal question involved is whether the debt to plaintiffs, for which the note of Brantley, McNeil & Co. and Purcell was given, is the debt of the husband McNeil within the influence of section 2349 of the Code which provides that "the wife shall not, directly or indirectly, become

the surety for the husband.'' Section 2604 of the Code, declares: ''When two or more persons are jointly bound by judgment, covenant, bond or promise in writing of any description whatever, the obligation or promise is in law several as well as joint.'' Under many decisions of this State, McNeil, the husband, could have been separately sued to judgment on this obligation; and made to pay the debt. In law the promise of McNeil & Co. to pay, was the several obligation of each member of the firm of McNeil & Co., who were under no legal contractual disabilities. If the mortgage is valid, upon the pay-ment of the debt by Purcell he would be authorized to foreclose it for his re-imbursement or indemnity, and thus the wife's property would be applied to the payment of the joint and several debt of her husband and Purcell, and McNeil, the co-surety and husband, would be relieved from contribution to his co-surety Purcell. A pledge or mortgage by the wife of her property to one, who is surety for her husband, or co-surety with him, on a debt for which he may be held liable as a principal, is as much within the influence of the statute (§ 2349, *supra*) as if she had signed the obligation herself, or directly pledged the property for the security of the debt, for which her husband is liable. We are of opinion that the mortgage to Purcell leads to this result, and contravenes the provision of the statute, which declares that ''the wife shall not, directly or indirectly, become the surety for the husband.''

The ruling of the court was contrary to these principles, and in so doing the court erred.

Reversed and remanded.