# Richardson v. Stephens.

*Bill in Equity to remove Cloud upon Title and to enjoin Action of Ejectment.*

| | |
|---|---|
| 122 | 301 |
| f123 | 397 |
| 125 | 503 |
| 122 | 301 |
| 130 | 254 |
| 130 | 548 |
| o131 | 567 |
| 122 | 301 |
| 132 | 374 |
| 122 | 301 |
| 140 | 580 |

1. *Husband and wife; mortgage on wife's property to secure husband's debt void.*—Under the provisions of the statute prohibiting the wife from becoming the surety for her husband, (Code of 1896, § 2529), a note given for money borrowed by the husband, on which the wife becomes surety, and a mortgage executed by her and her husband on her separate estate to secure payment of the debt evidenced by the note, are void as to the wife; and the fact that the money borrowed by the husband was partly used to improve and cultivate the land included in the mortgage does not validate the note and mortgage.

2. *Same; mortgage by wife to secure debt of husband does not vest any title in mortgagee; invalidity can be set up in defense of action of ejectment.*—A mortgage executed by the wife, together with her husband, on her separate estate to secure the debt of her husband, being, under the statute, absolutely void, confers no right upon the mortgagee or upon a purchaser under the mortgage; and such invalidity can be set up as a defense to an action of ejectment, brought by a purchaser at the foreclosure sale, without resort to equity for the cancellation of the mortgage. (Qualifying *Richardson v. Stephens,* 114 Ala. 238, in so far as it asserts a contrary doctrine.)

3. *Same; wife not estopped to deny want of power to execute mortgage to secure husband's debt.*—A married woman, being forbidden by statute to either directly or indirectly become the surety for her husband, is not estopped from denying her want of power to execute a mortgage which she had given on her separate estate to secure her husband's debt.

4. *Same; cancellation of mortgage on wife's lands to secure husband's debt; when payment of mortgage debt not required.*

[Richardson v. Stephens.]

A wife can maintain a bill in equity to cancel as a cloud on her title a mortgage on lands belonging to her separate estate, which was executed by her and her husband jointly as security for his debt; and even where the invalidity of the mortgage does not appear except by resort to parol evidence, the court will remove the cloud from her title without requiring payment of the mortgage debt.

5. *Mortgage; when purchaser at foreclosure sale does not claim to be bona fide purchaser.*—The failure of a purchaser at a foreclosure sale of a mortage to show that he paid anything on his purchase, is fatal to his claim for protection as a *bona fide* purchaser without notice of the invalidity of said mortgage.

6. *Equity jurisdiction; when injunction granted on bill to remove cloud from title.*—A court of equity, having acquired jurisdiction of a case wherein a bill was filed to remove an invalid mortgage as a cloud upon complainant's title, will, upon proper showing, settle the entire controversy by enjoining an action of ejectment brought by the purchaser at the foreclosure sale under said mortgage.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JERE N. WILLIAMS.

In 1888, J. W. Stephens, the husband of E. E. Stephens, made application to the British & American Mortgage Company, Limited, for a loan of money. The loan was granted and made to said J. W. Stephens, and to secure the payment thereof, a mortgage was executed by J. W. Stephens and his wife, E. E. Stephens, on certain lands which belonged to and were owned by the wife, E. E. Stephens. Default was made in the payment of the debt secured by the mortgage, and the British & American Mortgage Company, Limited, sold the lands embraced in the said mortgage under the power of sale contained therein. At that sale A. L. Richardson became the purchaser, and a deed to said lands was executed to him. Thereupon Richardson brought an action of ejectment against E. E. Stephens and J. W. Stephens for the recovery of said land, and judgment was rendered in favor of the defendants. On appeal to this court said judgment was affirmed. Thereupon Richardson instituted a second action of ejectment for the recovery of said lands, and pending said action E. E. Stephens, the appellee, filed the present bill in chancery against the said A. L.

Richardson and the British & American Mortgage Company, Limited; and prayed to have the mortgage executed by J. W. Stephens and his wife to the Mortgage Company cancelled and that the deed to A. L. Richardson, as purchaser at the mortgage sale, be cancelled, and that said mortgage and deed be removed as a cloud upon the title of E. E. Stephens to said lands, and also for an injunction restraining said Richardson from the further prosecution of the ejectment suit.

The bill avers the ownership of the land by the wife, the execution of the mortgage, its foreclosure by sale at public auction for cash under and in pursuance of the power of sale therein contained, the purchase by Richardson and the execution of a deed to him, and the pendency of the suit in ejectment; and averring that complainant received no part of the money loaned, asks that the suit be enjoined and the mortgage and deed be cancelled as a cloud, wholly because the debt was that of the husband for which complainant was only a surety.

The answer denies that complainant was the surety of her husband, and alleges that she received all of the proceeds of the loan and obtained full benefit of and from the same. It avers that complainant was required to draw jointly with her husband for the proceeds of said loan, and that the notes and mortgage given for the loan were signed by complainant, with her husband ,and that all the money arising from the loan was used in the cultivation and improvement of complainant's lands with her full knowledge and assent; and that it was well known to complainant at the time the loan was made that the proceeds thereof were to be so used for her benefit, and that knowing this fact she executed the said notes and mortgage.

The answer insists that this is an estoppel against complainant and that she is entitled to no relief without doing equity, by returning the money so borrowed and used. The answer further sets up that the defendant, A. L. Richardson, is a *bona fide* purchaser for value without notice of complainant's equity, arising out of her suretyship for her husband, if such be the case; that the mort-

gage did not disclose whose debt was secured by the same, and that defendants never heard of any controversy respecting the validity of said mortgage until after the purchase by Richardson under the foreclosure proceedings.

J. W. Stephens, the husband, testified that he applied for the loan, that he received the money on the joint draft of himself and wife, on the faith of the mortgage executed by him and his wife, and that all the money, except a sum less than $75, was used on and for the benefit of the wife's land, and that his wife knew of the application for the loan, and that he knows of no notice being given before the sale to Richardson of any claim by the wife.

E. E. Stephens testifies that she never borrowed any money and that she received none from the Loan Company, and that she signed the notes and mortgage as surety for her husband; that she signed the mortgage and notes and draft for the proceeds of the loan; but that she did not know what was done with the money obtained by giving the mortgage; that her husband had no other money than this to make a crop with on said lands in 1889, and that she knew he borrowed it; that he had no other business than that of farming and no other land to farm on; that she knew that her land was being mortgaged for the loan, and that her husband had charge of her lands; that the agents who had the papers signed, told her husband in her presence that she would have to sign to get the money.

The deed showing title in E. E. Stephens is set out as exhibit to the bill as are also the mortgage, deeds, applications and other papers used in the negotiations of the loan.

On the final submission of the cause, on the pleadings and proof, the chancellor rendered a decree granting the relief prayed for in the bill. From this decree the respondents appeal, and assign the rendition thereof as error.

GUNTER & GUNTER and P. B. McKENZIE, for appellant. It was incumbent upon the appellee to prove notice of

her equity, and unless such proof is made the averment that the purchase was made without notice is taken to be true.—*Carroll v. Malone,* 28 Ala. 521; *Rogers v. De-Bardeleben,* 97 Ala. 154; *Wynn v. Rosette,* 66 Ala. 517.

The proof shows a fraud upon the mortgagee and a participation in it by the appellee, who received all the benefits of the fraud and yet in her bill makes no offer to do equity, by accounting for the money used for her benefit. A wife in Alabama is a free agent, and like other persons must be held to the responsibility of free agents for conduct affecting third persons.—*First Nat. Bank v. Nelson,* 106 Ala. 543.

The intimate relations of husband and wife, independent of the particular circumstances of agency shown and acts of participation by the wife in the transaction, raise a natural presumption of full knowledge of every part of the matter. The rule of law is that "the least degree of consent or collusion between the parties to an illegal transaction makes the act of one the act of the other."—2 Wharton on Ev., § 1205; 1 Big. on Fraud 24, 798; *Rogers v. Hall,* 4 Watts. 361; *Gibbs v. Neely,* 7 Watts. 307.

G. L. COMER, for appellee, cited *Richardson v. Stephens,* 114 Ala. 238.

SHARPE, J.—A branch of this litigation was before this court in an action of ejectment brought by this appellant for possession of the land included in this mortgage.—*Richardson v. Stephens,* 114 Ala. 238. In that case the character of the transaction was considered under the proof there appearing, and it was held that the debt secured by the mortgage of Mrs. Stephens was that of her husband. The proof in the present case does not present the matter in any different aspect. It shows without conflict that John W. Stephens alone applied for and obtained the loan upon the representation that the land offered as security as well as the other property described in his application belonged to him alone. The money was paid to and used by him partly in paying his individual debt and for two mules used for, and other

expenses incurred in, cultivating a crop raised by him on appellee's land, and partly in clearing and improving that land.

The purpose for which the money was borrowed is not otherwise disclosed nor does it appear that appellee was informed of such purpose prior to the loan. The joining of appellee in the execution of the mortgage and notes and of the draft for the collection of the money are but circumstances to be considered in determining her relation to the transaction, but are not conclusive to fix upon her the character either of a principal or surety, and in view of the whole proof it sufficiently appears that the debt which was secured by the mortgage upon her property was that of her husband alone. By the uniform course of our decisions such a mortgage is void, and it was so declared in *Richardson v. Stephens, supra;* but in a part of the opinion in that case, not necessary to the decision, it is stated in effect that the mortgage operated to divest the title out of Mrs. Stephens and to vest it in the mortgagee so that her remedy to avoid it was properly in a court of equity. This statement seems to need correction. Such would have been the effect of the mortgage under the former statute providing simply that the separate estate of a married woman should not be subject to the debts of her husband. Under that statute the doctrine was as stated in *Williams, Birnie & Co. et al. v. Bass,* 57 Ala. 487, that "a married woman is incapable of consenting to the appropriation of her statutory separate estate to the payment of her husband's debts, and any instrument executed by her to that end will on her application be declared void." Until declared void by a court of equity, however, such a mortgage being only voidable at the election of the wife carried the legal title to the grantee leaving in her only an equity. It was upon such status of the parties that the defense of a *bona fide* purchaser for value might, as intimated in the case last mentioned, be shown to defeat the equity of the wife; but the statute of force since the 28th day of February, 1887, section 2529 of the present Code, declares in positive and prohibitive language that the wife shall not directly or indirectly become the surety for the husband.

Its effect upon such mortgages as declared by the decisions involving its construction was to make them void. The annulment was effected by the statute itself without the aid of any court, and the invalidity can be shown at law as well as in equity even in defense of the action of ejectment based upon such mortgage.—*Elston v. Comer*, 108 Ala. 76; *McNeil et al. v. Davis & Son*, 105 Ala. 657; *Hawkins v. Ross*, 100 Ala. 459. The mortgage being void conferred no rights upon the mortgagee or upon the appellant as a purchaser thereunder.—28 Am. & Eng. Encyc. Law, 474; *Logan & Noble v. Sankey*, 55 Ia. 52. There is a total lack of proof that appellant has paid anything on his purchase, and the burden is on him to show payment, and his failure to do so would be fatal to his claim for protection as a *bona fide* purchaser, even if he could be regarded as a purchaser under such mortgage.—*Bynum v. Gold*, 106 Ala. 427; *Barton v. Barton et al.*, 75 Ala. 400. The statute is founded upon public policy which is to protect the wife's estate as against the influence of her husband or other person, or her own inclination in respect to subjecting it to her husband's debts. Being by the law prohibited to so contract, appellee could not by attempting to do so estop herself to deny her want of power. Equity will not by setting up an estoppel against her accomplish that which the law and public policy have forbidden.

As the invalidity of the mortgage does not appear except by resort to parol evidence, equity will interpose to remove the cloud from appellee's title without requiring payment of the mortgage debt.—*Lansden v. Bone*, 90 Ala. 446. And having taken jurisdiction for that purpose will settle the whole controversy by enjoining the action of ejectment.

No error appears in the decree of the chancery court, and it must be affirmed.