# Price *v.* Cooper.

*Action of Ejectment.*

1. *Action of ejectment; defendant in possession under color of title may set up outstanding title in third person.*—In an action of ejectment against a defendant in possession under color of title, the plaintiff must recover upon the strength of his own title; and in such suit the defendant may, without connecting him therewith, show an outstanding paramount title in a third person to defeat the plaintiff's recovery.

2. *Husband and wife; mortgage by wife to secure debt of husband does not vest any title in mortgagee; invalidity can be set up in defense of action of ejectment.*—A mortgage executed by the wife, together with her husband, on her separate estate to secure the debt of her husband, being, under the statute, absolutely void, confers no right upon the mortgagee, or upon the purchaser under the mortgage; and such invalidity can be set up as a defense to an action of ejectment, brought by a purchaser at the foreclosure sale, without resort to equity for the cancellation of the mortgage.

3. *Same; same; parol proof admissible to show consideration in the mortgage.*—In an action of ejectment, where the defendant claims title under a mortgage executed by the plaintiff and her husband, it is competent for the plaintiff to prove by parol evidence that the mortgage under which the defendant claims title to the land sued for was given by her jointly with her husband upon her separate estate to secure the debt of her husband.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. A. G. SMITH, Special Judge.

This was a statutory action of ejectment, brought by the appellant, Fannie Price, on August 19, 1896, against the appellee, J. D. Cooper, to recover certain lands specifically described in the complaint. The trial was had upon the plea of the general issue.

The plaintiff introduced in evidence a deed from Alex Avery, Jr., and wife to Stephen W. Price and Fannie Price, by which said Avery conveyed to Stephen W. and Fannie Price a part of the land sued for in this controversy. This deed was executed on May 30, 1890. The plaintiff then introduced in evidence a deed from Stephen W. Price to Fannie Price, the plaintiff, by which he conveyed to her all of the lands involved in this controversy, and described in the complaint.

The evidence introduced for the plaintiff showed that at the time of the execution of the deed from Alex Avery, Jr., and wife to Stephen W. and Fannie Price, the said Alex Avery, Jr., was in possession of the land conveyed by said deed and delivered possession to the grantees therein; that Stephen W. and Fannie Price went into possession and so remained in possession of said land until Stephen W. Price executed the deed to Fannie Price; that at the time of the execution of said deed by Stephen W. Price, he had been in possession of the land conveyed therein, in addition to the land purchased by Avery, for a number of years prior to the execution of said deed; that after the execution of said deed, Fannie Price went into possession of said land, claiming it as her own, and remained in possession of all of the land sued for for several years.

The defendant offered to introduce in evidence a note and mortgage, executed on March 25, 1891, by Stephen W. Price and Fannie Price to H. B. Richards Co. The note evidenced an indebtedness to H. B. Richards Co. and was signed by Stephen W. and Fannie Price. The mortgage was made to secure the payment of said note and conveyed the lands sued for in this action. The note was transferred and assigned by the H. B. Richards Co. to D. J. Frazier, and upon the mortgage there was indorsed the following transfer, bearing date November 6, 1891, and signed by the H. B. Richards Co.: "For and in consideration of the sum of four hundred and sixty-two

70-100 dollars to us this day in hand paid, the receipt whereof is hereby acknowledged, we have this day and do hereby transfer, sell and assign the within mortgage to D. J. Frazier, without recourse on us, and for said consideration sell and convey to said Frazier, but without warranty of title all our right, title, interest and claim in the lands in said mortgage described."

The plaintiff objected to the introduction of this mortgage in evidence, upon the ground that there was no sufficient transfer of the mortgage to divest the H. B. Richards Co. of the title to said land. The court overruled this objection, allowed the mortgage to be introduced in evidence, and to this ruling the plaintiff duly excepted. The defendant then offered to introduce in evidence a deed made by M. Y. Hayes, judge of probate of Bibb county, Alabama, to D. J. Frazier, conveying the lands involved in this controversy. This deed was executed on December 5, 1892, and recited the execution of a mortgage executed by Stephen W. Price and Fannie Price to the H. B. Richards Co., and that said mortgage had been duly transferred to D. J. Frazier; that there was default in the payment of the debt secured by said mortgage, and that under the power of sale contained therein, the said M. Y. Hayes sold the lands conveyed in said mortgage at public outcry and D. J. Frazier became the purchaser thereof, and that in consideration of the payment of the price paid at said sale, which had been applied by said Hayes to the satisfaction of the mortgage debt, the conveyance was made by said Hayes to D. J. Frazier. The plaintiff objected to the introduction of this deed in evidence, upon the ground that the transfer of the said mortgage by the H. B. Richards Co. to D. J. Frazier did not authorize the execution of the sale under the mortgage and did not authorize the execution of the deed from M. Y. Hayes, the judge of probate, to said D. J. Frazier, and upon the further ground that the title to the said land did not pass out of the H. B. Richards Co. to D. J. Frazier by said transfer; and that the deed itself does not show that any one holding the legal title to the land conveyed in said mortgage authorized said Hayes to foreclose the same and to execute a deed to the purchaser

at the foreclosure sale. The court overruled each of these objections, allowed the deed to be introduced in evidence, and to this ruling the plaintiff duly excepted.

The defendant offered to introduce in evidence a deed from D. J. Frazier and wife to the defendant J. D. Cooper, in which the lands involved in this controversy were conveyed to said Cooper. The plaintiff objected to the introduction of this deed in evidence, upon the same grounds as were interposed to the introduction in evidence of the deed from Hayes to Frazier. The court overruled said objection, allowed the deed to. be introduced in evidence, and to this ruling the plaintiff duly excepted.

In rebuttal the plaintiff offered to prove by her own evidence and by that of her husband, Stephen W. Price, that the debt for which the mortgage to the H. B. Richards Co. was given was not her debt, but that it was the debt of her husband, Stephen W. Price, and that she signed the mortgage only as surety for her husband, and not to secure any debt of her own. The defendant objected to the introduction of this evidence, upon several grounds, which were substantially as follows: 1st. Because extrinsic proof was not admissible to avoid the legal title of the defendant. 2d. Because the mortgage to the H. B. Richards Co. was signed by the plaintiff, did not disclose that she signed the same as surety for her husband, and she can not, therefore, now enter suit at law to contradict the recitals thereof, or to vary the effect of said instrument by parol evidence. 3d. The defendant was a *bona fide* purchaser for value without notice of the plaintiff's claim, having relied upon the mortgage and the deed as introduced in evidence; and the plaintiff can not vary the recitals of her said mortgage by parol evidence, so as to defeat the rights of the defendant. The court sustained the defendant's objection to the introduction of said evidence, refused to allow said evidence to be introduced, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff took a non-suit with bill of exceptions.

From a judgment in favor of the defendant, the plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

[Price v. Cooper.]

LOGAN & VANDEGRAAFF and HOGUE, LAVENDER & FULLER, for appellant.—The evidence offered by the plaintiff to prove that the plaintiff gave the mortgage to secure the debt of the husband should have been admitted; and the court erred in sustaining the objections thereto.—*Sanders v. Cassady,* 86 Ala. 246; Code, § 982; *Jimwright v. Nelson,* 105 Ala. 399; *Williams v. Cooper,* 107 Ala. 246; *Giddens v. Powell,* 108 Ala. 621; *Garrett v. Lehman,* 61 Ala. 391; *McNeil v. Davis,* 105 Ala. 657.

It is a fundamental principle that no right can be founded upon an act that is forbidden by law.—7 Amer. & Eng. Encyc. of Law, 117, (2d ed.); *Flanagan v. Meyer,* 41 Ala. 132; *Burns v. Moore,* 76 Ala. 339; *Anderson v. Bellenger,* 87 Ala. 334.

ELLISON & THOMPSON and H. A. JONES, *contra.* While there are several assignments of error based on several rulings of the trial court in this case, it is apparent that unless it be in excluding the parol testimony offered by the appellant to the effect that the mortgage of appellant and her husband to the H. B. Richards Co. introduced in evidence by the appellee, was made for the purpose of securing the debt of the appellant's husband, the record shows no reversible error in the trial court. We respectfully insist that the record shows that there was no error in excluding this testimony, 1st, because to have admitted it would have been to permit the grantee in a mortgage deed of real estate to contradict or vary the terms of the mortgage deed in a court of law which deals with the legal title only. 2d. Even when said testimony was admitted, the fact remained that the legal title to the land sued for, which was alone in question, was not in the plaintiff, it having been divested out of her by the said mortgage.—*Pool v. Winter,* 100 Ala. 503; *Richardson v. Stephens,* 114 Ala. 242; *Lansden v. Bone,* 90 Ala. 446.

A married woman could no more become surety for her husband prior to the act of 1887 than she could after. Prior to 1887 our court uniformly held that a wife's mortgage or deed to secure her husband's debt was void.

*Armstrong v. Conner*, 86 Ala. 350; *Thames v. Rembert*, 63 Ala. 573.

TYSON, J.—In an action of ejectment the plaintiff must recover upon the strength of her own title as against a defendant in possession under color of title. And such defendant may show an outstanding title in a third person for the purpose of defeating a recovery.—3 Brick. Dig. 325, § 38.

The rule permitting the plaintiff to recover upon prior possession alone unless it has ripened into a perfect title by adverse possession, and refusing to a defendant the right to set up an outstanding title in a third person without connecting himself with it, applies only in cases where the defendant is a trespasser.—3 Brick. Dig. 325, § 49.

The mortgage, the deed from Hayes to Frazier, and the deed from Frazier and wife to the defendant, were properly admitted in evidence.

The material question, however, arises upon the refusal of the court to allow the plaintiff to prove that the mortgage executed by herself and husband to H. B. Richards Company, purporting to convey her lands, was given to secure the debt of her husband, and that she was a mere surety for him. In this ruling the court was in error. The opinion in the case of *Richardson v. Stephens*, 122 Ala. 301, rendered at the present term of this court is conclusive upon this point, unless it is overruled as we are asked to do. We have no inclination to disturb the doctrine there declared, but on the contrary, wish to be understood as here reaffirming its correctness. Whatever may have been the rule in courts of law, prior to the adoption of the provision now found in the statute prohibiting the wife from directly or indirectly becoming the surety of the husband (§ 2529), as to the admission of parol evidence contradicting the recitals of a mortgage given by the wife to secure the husband's debt, certainly it can now be done. The mortgage is absolutely void and in contravention of the statute. No principle is better settled than that where a contract is in violation of a statute, it is void as against public policy, incapable of ratification, and may be shown to be such in any court.—3 Brick. Dig. 145, § § 58 and 61.

Reversed and remanded.