# Russell v. Peavy.

### Statutory Action of Ejectment.

1. *Husband and wife; conveyance by wife to secure debt of husband invalid; right to maintain ejectment.*—Under the provisions of the statute, a conveyance by a wife of her property to secure the husband's debt, is a nullity, and does not operate to divest her title; and she can maintain an action of ejectment to recover property so conveyed by her.

2. *Same; same; estoppel.*—Being prohibited by law to convey her property to secure the debts of her husband, the wife can not be estopped to deny her want of power or to set up the invalidity of her deed executed by her for such purpose, unless there has been on her part some positive acts of fraud, or concealment and suppression which, in law, is equivalent thereto.

3. *Agency; when sufficiently shown to be binding upon principal.* Where a loan is negotiated through an agent, who declares himself to be the agent of the principal, and the principal accepts the note and mortgage and subsequently forecloses the same, the agency of the representative is sufficiently shown, and knowledge and notice acquired by him in negotiating the loan with the wife that the wife was the surety of her husband, is binding upon his principal.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

This was a statutory action of ejectment brought by
the appellant, S. I. Russell, against the appellee, Silas
W. Peavy. The facts of the case are sufficiently stated
in the opinion.

Upon the introduction of all the evidence the plaintiff
requested the court to give to the jury the following
written charge: "If the jury believe the evidence, they
will find a verdict in favor of the plaintiff." The court
refused to give this charge, and to this ruling the plain-
tiff duly excepted. The plaintiff also excepted to the
court's giving at the request of the defendant the fol-
lowing written charge: "The court charges the jury
that if they believe the evidence, they will find for the
defendant."

There were verdict and judgment for the defendant.
The plaintiff appeals, and assigns as error the refusal
by the court to give the general affirmative charge re-
quested by the plaintiff, and the giving of the general
affirmative charge requested by the defendant.

POWELL & DICKINSON and BANKS & SELHEIMER, for
appellant.—With respect to her power to mortgage her
property to secure her husband's debt, a married
woman is under the same incapacity as before the adop-
tion of the married woman's law of 1887. Her attempt
to convey her property for this purpose is a nullity. It
does not operate to divest her title and she can main-
tain ejectment to recover real estate so conveyed by her.
*Elston v. Comer*, 108 Ala. 76; *Richardson v. Stephens*,
122 Ala. 301, and cases cited.

In many jurisdictions it is held that the title to land
of married women cannot be barred by estoppel, the
doctrine of estoppel in such cases being denied "On
the ground that to allow a married woman to do indi-
rectly what she cannot do directly by solemn deed would
be practically to dispense with all the limitations which
the law has imposed upon the capacity of a married
woman to alienate her real estate."—15 Am. & Eng.
Ency. Law (2d ed.), 802, and cases cited.

But if she can be estopped under any circumstances, to assert her title to her land, "it seems to be agreed in almost all jurisdictions that to estop a married woman to assert her rights in land, it is essential that she be guilty of some positive act of fraud, or else of some act of concealment or suppression which in law would be equivalent thereto."—15 Am. & Eng. Ency Law (2d ed.), 802, and cases cited; *Wilder v. Wilder,* 89 Ala. 414; s. c. 18 Am. St. Rep. 130; *Vansandt v. Weir,* 109 Ala. 104; *Curry v. Mortgage Co.,* 107 Ala. 429; *Richardson v. Stephens,* 122 Ala. 301.

JAMES E. WEBB, *contra.*—Though by statute the wife is forbidden to become security for her husband, she may make representations which, if in good faith the lender relies on them, will estop her from denying the truth of the representation, even in an action at law.—*Rogers v. Union Ins. Co.,* 111 Ind. 345; s. c. 60 Am. Rep. 701; *Lane v. Slummer,* 114 Ind. 296; s. c. 5 Am. St. Rep. 621.

It is not necessary to an equity estoppel that it be designed to mislead. It is enough that the act was calculated to mislead, and did mislead defendant acting in good faith.

Silence or concealment of facts works estoppel. "It seems to be the prevailing rule that a married woman may be estopped to set up a claim to land, by a fraudulent concealment or suppression of facts, though in a few cases it has been intimated that some affirmative act of fraud is necessary.—*Sharp v. Foy,* L. R. 4 Ch. 40; *Savage v. Foster,* 9 Modem 35; *Kelley v. Fisk,* 110 Ind. 552; *Rusa v. Fenton,* 14 Bush (Ky.) 400; s. c. 29 Am. St. Rep. 413; *Stone v. Sledge,* 87 Tex. 47; s. c. 47 Am. St. Rep. 65; *Wells v. Batty,* 112 N. C. 289; s. c. 34 Am. St. Rep. 506; *Branch v. Ward,* 114 N. C. 150; *Williamson v. Jones,* 43 W. Va. 562.

DOWDELL, J.—The appellant brought her action in ejectment against Silas W. Peavy, the tenant in possession, to recover a certain lot in the city of Birmingham. Mrs. E. E. McLemore, on her application, was admitted to defend as landlord.

The right of plaintiff to recover is based on the invalidity of a mortgage executed by plaintiff and her husband under which defendant claim title, and which plaintiff contends is invalid because given to secure the debt of her husband. The undisputed facts show that James M. Russell, the husband of plaintiff, having seen in a newspaper an advertisement to the effect that Dr. Chas. Wheelan had some money to lend, went to see said Wheelan and told him he wanted to borrow one thousand dollars for his own use. Wheelan told him he had some money to lend for Mrs. E. E. McLemore, and asked him what security he could give. Russell replied that he would give a mortgage on a lot on 12th avenue and 32d street. Wheelan told Russell that would be sufficient, and asked him to bring an abstract of the title. Before leaving Russell told Wheelan that he (Russell) had mortgaged all of his own property and that the lot belonged to his wife. Wheelan said that would be all right if the title was good. Russell had an abstract prepared and took it to Wheelan, who had an attorney to examine it. Several days afterwards Wheelan told Russell the title was satisfactory and that he could get the money immediately upon the execution of the mortgage. Wheelan had the mortgage prepared and gave it to Russell to be executed. Russell carried it to his wife and told her to sign it. She asked what property he was mortgaging, and he told her it was his North Birmingham property. Russell owned property in North Birmingham at the time, but the property described in the mortgage was not situated in North Birmingham. The wife then signed the mortgage without reading it, although she was able to read, and after its complete execution Russell delivered it to Wheelan and received the money thereon. The money so received he used in paying his individual debts. Mrs. Russell, the plaintiff, did not make any application for the loan, and did not authorize her husband to make any application for her or in her name. She did not know that her husband had made or intended to make an application for a loan. She did not know until after the foreclosure of the mortgage that her property was embraced in the mortgage, and she never received the use or benefit of

the money loaned on the mortgage. The mortgage recites that the debt was that of the wife and that the husband was surety. Mrs. McLemore foreclosed the mortgage and is now claiming under it, having bid in the property at foreclosure sale. It will thus be seen that the wife committed no positive act of fraud in obtaining the loan and in the execution of the mortgage. If any fraud at all was committed it was upon the wife. The mortgage was executed on the 1st day of February, 1891, and foreclosed on the 29th day of March, 1893.

With respect to her power to mortgage her property to secure her husband's debt, a married woman is under the same incapacity as before the adoption of the married woman's law of 1887. Her attempt to convey her property for this purpose is a nullity. It does not operate to divest her title, and she can maintain ejectment for real estate so conveyed by her.—*Elston v. Comer*, 108 Ala. 76; *Richardson v. Stephens*, 122 Ala. 301, and cases there cited.

In *Richardson v. Stephens, supra*, it was said: "The statute [forbidding a married woman to become surety for her husband] is founded upon public policy, which is to protect the wife's estate against the influence of her husband or other person, or her own inclination in respect to subjecting it to her husband's debts. Being by the law prohibited to so contract, appellee could not by attempting to do so estop herself to deny her want of power. Equity will not, by setting up an estoppel against her, accomplish that which the law and public policy have forbidden." It was not intended by this to assert that the wife may not estop herself by positive acts of fraud, or by concealment or suppression, which in law would be equivalent thereto, nor, on the other hand, do we intend, in what is here said, to intimate a contrary opinion, the decision of that question being unnecessary to the determination of this case, but that the doctrine of estoppel, in the absence of fraud, such, for example, as might sometimes arise from mere silence, would not operate to divest her of her title. As stated above, there was no positive act of fraud on the part of the wife, nor any concealment or suppression that would amount thereto, and consequently her silence at the

[Ward v. Shirley.]

time that an extension was given in the advertisement for the foreclosure of the mortgage will not create an estoppel against her.

The declaration of Wheelan of his agency, and the acceptance of the mortgage and note by Mrs. McLemore and her subsequent foreclosure of the same, were sufficient to show Wheelan's agency, and this being shown, knowledge and notice to Wheelan of the loan being made to J. M. Russell, the husband, and that the wife was the mere surety of the husband, would be visited on Mrs. McLemore, the principal.

It follows, therefore, that the court erred in giving the general charge as requested by the defendant and refusing the same to the plaintiff. The judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.

