# Patterson *v.* Simpson.

### *Bill to Remove Cloud from Title.*

(Decided May 19, 1906. 41 So. Rep. 842.)

*Quieting Title; Married Woman's Deed; Remedy at Law.*—A deed executed by a married woman to secure the husband's debt being absolutely void, under § 2529, Code 1896, she cannot, while out of possession, maintain a bill to remove the deed as a cloud on her title, her remedy at law being complete and adequate.—(*Armstrong v. Connor*, 86 Ala. 350, and *Landsen v. Bone*, 90 Ala. 446, explained.)

APPEAL from Coosa Chancery Court.

Heard before Hon. R. B. KELLY.

This is a bill filed by L. A. Simpson against H. A. Patterson, the nature of which is sufficiently stated in the opinion. The facts are also sufficiently stated in the opinion. From a decree for complainant the respondent appeals.

D. H. RIDDLE and J. M. CHILTON, for appellant.—The complainant was out of the possession of the land at the time of the filing of the bill and she cannot maintain the bill for removing a cloud on her title while out of possession.—*Brown v. Hunter*, 121 Ala. 210; *Wilkerson v. Wilkerson*, 129 Ala. 279; *Galloway v. Hendon*, 131 Ala. 280; *Morgan v. Lehman*, 92 Ala. 440; *Davis v. Bing-*

*ham,* 111 Ala. 292. If the wife conveys her land as security for the debts of her husband, no matter what form the transaction takes, the purpose of the transaction may be shown aliunde in a court of law although it contradicts the recital of the conveyance, and she has an adequate and complete remedy at law if she is out of possession.—*Elston v. Comer,* 108 Ala. 76; *Richardson v. Stephens,* 122 Ala. 201; *Price v. Cooper,* 123 Ala. 392; *Russell v. Peavy,* 131 Ala. 563; *Gipson v. Clark,* 132 Ala. 374; *Brown v. Hunter, supra.* Neither can the bill be maintained under Sec. 809 of the code as the complainant is out of possession.—*Ward v. Janney,* 104 Ala. 122; *Cheney v. Nathan,* 110 Ala. 254; *Moore v. Ala. Nat. Bank,* 139 Ala. 173. The case of *Vincent v. Walker,* 86 Ala. 333 is so nearly on all-fours with this case that the attention of the court is especially called to it.

W. M. LACKEY and WHITSON & DRYER, for appellee.— While a married woman may make a conditional sale of her lands it must be a real sale, not a covert mortgage. Where the real transaction is a loan of money to be repaid, it is a mortgage.—*Peebles v. Stolla,* 57 Ala. 60. The signing of the notes for the payment of the debt of the husband does not bind her as the maker where the loan was to the husband.—*Continental Bank v. Clark,* 117 Ala. 293. Complainant can testify that she was only a surety for her husband.—*Compton v. Smith,* 120 Ala. 233; *Richardson v. Stephens,* 122 Ala. 301. Our statutes make a mortgage or deed by the wife to secure the husband's debt absolutely null and void and she may file a bill to remove a cloud on title whether in or out of possession.—*Armstrong v. Conner,* 86 Ala. 351; *Lansden v. Bone,* 90 Ala. 446. Such a conveyance being prohibited by law a purchaser from the mortgagee or grantee, although he buys in good faith and without notice will not be protected.—*Hanover Nat. Bank v. Johnson,* 90 Ala. 549; *Richardson v. Stephens, supra.* Such a mortgage or deed is absolutely void under the statutes, confers no right upon the grantee and cannot be set up in defense of an action of ejectment.—*Price v. Cooper,* 123 Ala. 392; *Richardson v. Stephens,* 114 Ala. 208; s. c. *su-*

*pra; Williamson v. Regan,* 111 Ala. 621. There is no estoppel against the wife nor is she bound to pay or offer to pay money loaned as a condition pre-requisite to the maintenance of the bill.—*Heard v. Hicks,* 82 Ala. 484; *Elston v. Comer,* 108 Ala. 77, and all the authorities supra.

SIMPSON, J.—The bill in this case was filed by appellee (complainant), seeking to have a deed which had been executed by complainant to one J. F. Jacobs declared to be a mortgage, and to have the same delivered up and canceled, on the ground that it was merely an attempt to secure the debt of complainant's husband. Said appellant (Patterson), it is alleged, purchased the said property from said Jacobs with full notice of the true facts of the original transaction.

It appears without controversy that the complainant was not, at the time of the filing of the bill, in possession of the land in question, and the first point raised by counsel for appellant is that the complainant, not being in possession of the premises, could not maintain a bill to cancel the deed; her remedy at law being full, adequate, and complete. It is a general principle of law, so often stated as to have become a maxim, that a court of equity will not entertain a bill to remove a cloud from the title, in favor of a party who is not in possession and whose title is legal, so that he could sue in a court of law and recover the property.—*Plant v. Barclay,* 56 Ala. 561; *Daniel v. Stewart,* 55 Ala. 278; *Baines v. Barnes,* 64 Ala. 375; 4 Pomeroy's Eq. Ju. (3d Ed.) pp. 2753, 2754, § 3399, and note 1; *Brown v. Hunter,* 121 Ala. 210, 25 South. 924. In a case in which the facts were similar to those in this case this court held that the deed was void, and the married woman was allowed to recover in ejectment.—*Elston v. Comer,* 108 Ala. 76, 19 South. 324.

It is true that in the cases of *Armstrong v. Connor,* 86 Ala. 350, 5 South. 451, and *Lansden v. Bone,* 90 Ala. 446, 8 South. 65, the expression is used that in cases similar to this a married woman may maintain a bill for cancellation, whether she is in possession or not.

It will be noticed, however, that those cases are based, without argument, on the case of *Snyder v. Glover*, 75 Ala. 379, which was a case in which only a part of the consideration consisted of the debt of the husband, which raised a very different question. But, without stopping to discuss that matter, those cases and others which followed them were based upon the married woman's law, as it stood up to the act of February 28, 1887 (Code 1896, § 2529), and the only reason given in either of them is that it was supposed that under that statute the deed or mortgage was supposed to convey the legal title in the wife. In the *Armstrong-Connor Case*, Chief Justice STONE commences the opinion by stating that "if the bill in this case had shown that complainant had a legal title to the land on which she could have sued at law, then, being out of possession, she could obtain no relief in chancery on a bill which had no other equitable aim than a removal of a cloud from her title." In a later case this court has called attention to the difference in the two statutes, stating that while, under the former statute, the conveyance carried the legal title, leaving only an equity in the wife, yet under the present statute such instruments are absolutely void, "and the invalidity can be shown at law, as well as in equity, even in defense of an action of ejectment based upon said mortgage" (*Richardson v. Stephens*, 122 Ala. 301, 306, 307, 25 South. 39) ; and, as the court says in a later case, "no principle is better settled than that where a contract is in violation of a statute, it is void as against public policy, incapable of ratificatiotn, and may be shown to be such in any court."—*Price v. Cooper*, 123 Ala. 392, 397, 26 South. 238. As shown by the case of *Elston v. Comer, supra*, it makes no difference that the deed was in the shape of an absolute conveyance; the theory being that under the statute whenever it is shown that the deed was intended as a security for the husband's debt, it is absolutely void, and the married woman can recover in ejectment on her previous title.

The remedy at law being full, complete, and adequate, it results that the bill in this case was without equity.

The decree of the court is reversed, and a decree will be here rendered dismissing the bill for want of equity.

Reversed and rendered.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.