(79 South. 255)

CORINTH BANK & TRUST CO. v. PRIDE et al. (8 Div. 69.)

(Supreme Court of Alabama. April 11, 1918. On Rehearing, May 9, 1918.)

1. HUSBAND AND WIFE ⬅⟿171(1)—WIFE AS SURETY—INDORSEMENT OF NOTE—STATUTE.

Under Code 1907, § 4497, providing wife cannot become surety for husband, where loan is made only to husband, and effort is to secure payment with wife's property, neither she nor her property is bound, whatever form of suretyship.

2. FRAUD ⬅⟿50—PRESUMPTION—PROOF.

Fraud is never presumed, but must be proved.

On Rehearing.

3. HUSBAND AND WIFE ⬅⟿171(8)—WIFE AS SURETY—STATUTE.

Absence of knowledge or notice on part of or to husband's creditor that indorser of husband's note, pledged as collateral security for debt, is his wife, is ineffectual to avert application of Code 1907, § 4497, providing wife cannot become surety for husband.

4. HUSBAND AND WIFE ⬅⟿171(12)—WIFE AS SURETY—ESTOPPEL.

Not even an estoppel arises to restrain a wife who has become surety for the debt of her husband from invoking the courts to apply Code 1907, § 4497, providing wife cannot become surety for husband, and avoiding obligation so far as she and her property are concerned.

5. HUSBAND AND WIFE ⬅⟿171(1) — WIFE AS SURETY—STATUTE.

Pledge or deposit of wife's property to secure payment of debt of husband is as much within Code 1907, § 4497, prohibiting wife's suretyship for husband, as is mortgage of her property.

6. HUSBAND AND WIFE ⬅⟿171(1)—WIFE AS SURETY—STATUTE.

Transactions whereby a wife attempts to become surety for her husband, within Code 1907, § 4497, providing a wife cannot so become surety, are annulled by the statute.

7. HUSBAND AND WIFE ⬅⟿171(1)—WIFE AS SURETY—STATUTE.

Code 1907, § 4497, providing wife cannot become surety for husband, is applicable and effective, though security her agreement or property affords is given to indemnify another to become cosurety with her husband, and though she is not a party to the original contract.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Suit by the Corinth Bank & Trust Company against Mary M. Pride and others.

From an adverse decree, complainant appeals. Affirmed.

Kirk & Rather, of Tuscumbia, for appellant. Jos. H. Nathan and Andrews & Peach, all of Sheffield, for appellees.

McCLELLAN, J. This cause was previously here on appeal from the decree overruling the separate demurrers of the respondents to the present appellant's bill as then amended. Sheffield Nat. Bank et al. v. Corinth Bank & Trust Co., 196 Ala. 275, 72 South. 127. The amended bill was further amended after the affirmance of the decree overruling the demurrers, as will be later stated. The primary ground of complainant's (appellant's) bill, at all stages, has been and is that the appellant was or became a creditor of Mrs. Mary M. Pride, thus, as was the case in Hitt Lumber Co. v. Cullman Coal Co., 76 South. 347,[1] constituting the complainant's creditorship of Mrs. Pride an indispensable prerequisite to relief sought by the bill as amended. This condition precedent to the right to the relief sought is not sustained by the evidence.

[1] Mrs. Pride owned the "Pride home place," comprising about 2,100 acres. For the year 1914 she rented this place to her husband, L. T. Pride, for $4,500, taking therefor the rent note reproduced in the opinion on former appeal. Mr. Pride needed funds with which to operate during that year, and at his request Mrs. Pride indorsed her rent note and delivered it to him, with the view to its use by him to borrow money. He negotiated a loan of $7,500 from the appellant. This loan was to Mr. Pride, not to Mrs. Pride. He gave three notes to the appellant, each for $2,500. At the same time he deposited his rent note (payable to Mrs. Pride and indorsed in blank by her) with the appellant as collateral security for the loan thus made to him. Under the evidence there is no doubt of the correctness of this conclusion of fact. Without qualification the cashier of the appellant so testified. The vice president entertained the view that the appellant bought the note, but it is evident from his testimony that his view and statement was only the utterance of an opinion that was opposed to the manifest fact. Mrs. Pride had no representations to appellant; had no negotiations or dealing with the appellant. The loan was, as stated, to Mr. Pride only. Where the loan is to the husband alone, and the effort is to secure the payment (not pay) his debt with the wife's property, neither she nor her property is bound, whatever the form in which the suretyship is cast. Code § 4497. If the rent note had been sold to the appellant, not taken, as it was, as collateral security for Mr. Pride's loan, then the doctrine of First National Bank v. Nelson, 106 Ala. 535, 18 South. 154, and Brooks v. Griel Bros. Co.,

179 Ala. 459, 470, 471, 60 South. 387, relied on in the brief for appellant, would be entitled to consideration. The transaction under review in Warren v. Crow, 73 South. 989,[2] involved a loan made to both the wife and the husband, thus readily distinguishing that case from the one at bar. Since the wife's rent note was assigned as collateral security for the husband's debt to the appellant, the appellant acquired no right in the premises that in any degree postponed or impaired the wife's rights as landlord.

[2] There is no evidence of any fraud conceived or practiced by Mrs. Pride or the Sheffield National Bank against the appellant within the pertinent statement in Russell v. Peavy, 131 Ala. 563, 567, 32 South. 492. Fraud is never presumed. It must be proven. The undisputed evidence is to the effect that Mrs. Pride had no personal connection with the dealings between her husband and the appellant. The transactions between Mrs. Pride and the Sheffield National Bank were not at all shown to be affected with any fraudulent design or effect on the part of either.

It results that the appellant is not a creditor of Mrs. Pride; that it is without right to invoke the court's powers to have the mortgage to the Sheffield National Bank declared a general assignment in virtue of the statute, Code, § 4295. The court below so concluded. Its decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### On Rehearing.

McCLELLAN, J. [3-7] The proposition urged in the application for rehearing is this: That the indorsement of the rent note by Mrs. Pride and its delivery by her to her husband, L. T. Pride, and its subsequent deposit with the appellant by L. T. Pride as collateral security for his loan from appellant, the appellant having no knowledge or notice that the note was the property of L. T. Pride's wife or that the payee, Mary M. Pride, was the wife of the payor, L. T. Pride, requires the application to the appellant's advantage and protection, of the doctrine of First National Bank v. Nelson and Brooks v. Griel Bros. Co., noted in the original opinion. The element of the stated proposition that would accord particular effect to the absence of knowledge or notice on the part of the appellant that the payee in the rent note was the wife of the borrower, L. T. Pride, is referable to principles of law whereby protection is extended a bona fide purchaser for value and without notice. Independent of that reference, the absence of knowledge or notice is ineffectual to avert the application of the statute. Bley v. Lewis, 188 Ala. 535, 542, 66 South. 454, treating charge

[1] 200 Ala. 415.     [2] 198 Ala. 670.

A. Code, § 4497, provides: "* * * But the wife shall not, directly or indirectly, become surety for the husband." It has been repeatedly ruled that the statute operates to render absolutely void all efforts, direct or indirect, to subject or appropriate the wife's property to the discharge of the debt of her husband through contracts or processes that constitute a suretyship, the single exception recognized being that illustrated in Scott v. Taul, 115 Ala. 529, 22 South. 447, that conclusion being "based," as noted in Evans v. Faircloth Co., 165 Ala. 176, 179, 51 South. 785, 21 Ann. Cas. 1164, "upon the principles of the commercial law with regard to negotiable instruments." Otherwise the effect of the statute (Code, § 4497) cannot be averted or avoided through the principles protective of the rights of bona fide purchasers for value and without notice. Furthermore, it has become thoroughly established that not even an estoppel arises to restrain the wife, who has become the surety for the debt of the husband, from invoking the courts to apply the statute (section 4497) and avoid the obligation in so far as she and her property are concerned. Richardson v. Stephens, 122 Ala. 301, 25 South. 39; Threefoot v. Hillman, 130 Ala. 244, 30 South. 513, 89 Am. St. Rep. 39; Price v. Cooper, 123 Ala. 392, 397, 26 South. 238, expressly reaffirming Richardson v. Stephens, supra; Evans v. Faircloth, supra; 8 Michie, Ala. Dig. p. 521 et seq. These decisions, and others in their line, rest upon the premise that, where the statute (section 4497) applies, the transaction is violative of public policy, is void, is incapable of ratification, and will not afford the basis for an estoppel. The pledge or deposit of the wife's property to secure the payment of the debt of the husband is as much within the influence and effect of the statute (section 4497) as is the mortgage of her property. McNiel v. Davis, 105 Ala. 657, 17 South. 101. Transactions within its purview are annulled by force of the statute. Richardson v. Stephens, 122 Ala. 306, 307, 25 South. 39. The statute is applicable and effective notwithstanding the security her agreement or property affords is given to indemnify another to become cosurety with her husband, notwithstanding she is not a party to the original contract. McNiel v. Davis, 105 Ala. 657, 17 South. 101. There Davis and son sued Pauline McNiel and her husband in statutory ejectment. The defense was that the property sought to be recovered was the property of Mrs. McNiel, and that the mortgage, on which plaintiffs, as transferees thereof, relied, was made to secure the debt of the husband. The facts were that Brantley procured a loan of money from the plaintiffs; that McNiel & Co., and one Purcell were the sureties on Brantley's note to plaintiffs; that Pauline McNiel's husband was a member of the firm of McNiel & Co.; that "to induce Purcell to sign the note as surety, Pauline McNiel and her husband executed the mortgage to him [Purcell] to indemnify [Purcell] against all loss or damage by reason of his [Purcell's] said suretyship on the note to plaintiffs." On those facts the court pronounced as follows:

"A pledge or mortgage by the wife of her property to one who is surety for her husband or cosurety with him on a debt for which he may be held liable as a principal is as much within the influence of the statute (section 2349, supra) as if she had signed the obligation herself, or directly pledged the property for the security of the debt for which her husband is liable. We are of opinion that the mortgage to Purcell leads to this result, and contravenes the provision of the statute which declares that 'the wife shall not, directly or indirectly, become the surety for the husband.'"

The soundness of this decision has not been doubted by this court. It was delivered in 1894, and, impressed with that interpretation and application, the statute (now Code, § 4497) has been twice readopted without change in its terms. In response to the insistence of solicitors for appellant, the Nelson Case and the Brooks Case, noted in the original opinion, have been re-examined. Those decisions are without influence or application to the circumstances presented in this cause. There the wife's property was sold by the husband as the agent of the wife. Here the husband deposited the wife's note (not negotiable paper) as security for his debt to the appellant. If the wife herself had made the deposit of this note with this appellant as security for the loan to her husband, the statute (Code, § 4497) would have applied; she would not have been estopped to assert and avail of the statute's invalidating effect. Authorities supra.

Under the statute and the decisions of this court, the transaction that undertook to give security for this husband's debt through the deposit of the wife's property was void as to her and her property.

Rehearing denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.