(89 South. 437)

## COX v. DAVIS–WILSON–GAILLARD COMMISSION CO. et al. (1 Div. 191.)

(Supreme Court of Alabama. June 9, 1921.)

**1. Husband and wife ☞159—Wife may not become surety for husband.**

The wife may not directly or indirectly become surety for the husband, under Code 1907, § 4497.

**2. Cancellation of instruments ⊕⇒12—Mortgages ⊕⇒610—Bill to set aside mortgage not maintainable.**

A bill by wife to cancel mortgage on her land not in her possession, executed by herself and husband, on the ground that the debt secured by the mortgage was the debt of her husband alone, and that she was a mere surety, would not lie in equity if it sought only to avoid the legal operation of the instruments averred, but was saved by an averment therein that she sought to redeem in the event any part of the debt in controversy was decreed to be her debt.

**3. Appeal and error ⊕⇒172(1)—Ground for recovery brought forth first on appeal not considered.**

A decree dismissing a bill by wife suing to cancel mortgage on land executed by herself and husband will not be reversed on appeal because mortgage stipulated for sale at C., whereas foreclosure deed recited a foreclosure at another place, where such was not the ground for which relief was sought in the bill, being raised for the first time on appeal.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill by Agnes Cox against the Davis-Wilson-Gaillard Commission Company and another to declare a mortgage and foreclosure deed void, and in the alternative to redeem. From a decree dismissing the bill, the complainant appeals. Affirmed.

Q. W. Tucker, of Grove Hill, for appellant.

It was unnecessary, under the allegations of the bill to go further and allege possession in complainant. 131 Ala. 280, 31 South. 603. No demurrer takes this point anyway. 132 Ala. 96, 31 South. 517; 8 Ala. 920, 42 Am. Dec. 669. The mortgage was not legally foreclosed. 113 Ala. 110, 20 South. 968; 202 Ala. 241, 80 South. 79. The debt was the husband's, and the mortgage was void. Section 4497, Code 1907.

T. J. Bedsole, of Grove Hill, for appellees.

Possession in complainant was essential, and was not alleged. 112 Ala. 638, 20 South. 850; 132 Ala. 201, 31 South. 476; 131 Ala. 280, 31 South. 603; 125 Ala. 336, 27 South. 839; 134 Ala. 420, 32 South. 748; 83 South. 33; 60 Ala. 145; 41 South. 842. The complainant had the burden, which was not discharged, to show that the debt was that of the husband. 143 Ala. 613. 42 South. 106; 53 South. 1028.

SAYRE, J. [1, 2] Complainant's (appellant's) bill was filed primarily to cancel a mortgage on her land, executed by herself and husband, and a foreclosure deed, on the ground that the debt secured by the mortgage was the debt of her husband alone, and that she was a mere surety. There was no demurrer taking the point against the bill, but now defendants (appellees) insist that in no event could appellant have relief, for the reason that she is not shown to be in possession, and so has a perfect remedy against the mortgage and foreclosure by an action at law. The wife may not, directly or indirectly, become surety for the husband (Code, § 4497), and, if the bill sought only to avoid the legal operation of the instruments averred, complainant would have an adequate and complete remedy at law. But the bill contains an independent equity, has an alternative aspect, viz.: It avers that the foreclosure sale was a nullity, for that it was not advertised as stipulated in the instrument of mortgage, and complainant seeks to redeem, in the event, as we construe it, any part of the debt in controversy is decreed to be her debt, and, so far as mere averment goes, this would save the bill whether or not complainant is in possession. Galloway v. Hendon, 131 Ala. 280, and cases referred to on page 285, 31 South. 603.

[3] On the evidence complainant's bill cannot be sustained in any aspect. We concur with the chancellor in his ruling that the debt secured by the mortgage was the debt of the wife, and that the mortgage was valid. Nor does it appear that there was a failure to advertise the foreclosure sale according to stipulation. It does appear that the mortgage stipulated for a sale, in the event of foreclosure, at Coffeeville, whereas the foreclosure deed recites a foreclosure at Grove Hill, and appellant now seeks to take advantage of this discrepancy. But this is not the ground on which relief was sought in the bill. It is distinctly an entirely new consideration brought forward for the first time on appeal, and cannot be allowed now to affect the decree.

We consider the bill in its alternative aspect as a bill seeking to enforce an alleged equity of redemption, not as a bill to redeem under the statute. Complainant's statutory right of redemption is now barred—probably was when the bill in this cause was filed; the date of filing is not shown by the transcript. The decree dismissing complainant's bill must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes