11 So.2d 130

## LAMPKIN v. STRAWBRIDGE et al.

### 6 Div. 93.

Supreme Court of Alabama.
Dec. 22, 1942.

M. B. Grace, of Birmingham, for appellant.

Oliver E. Young, of Vernon, for appellees.

FOSTER, Justice.

This is an appeal from a decree sustaining a demurrer to a bill filed by a married woman to set aside a mortgage executed by her on the ground that it was given to indemnify sureties of her husband on a confession of judgment for the fine and costs in a criminal case.

On appeal from such a decree, appellant cannot assign for error interlocutory decrees previously rendered more than thirty days before the appeal was taken, but may do so on appeal from the final decree. Section 755, Title 7, Code of 1940; Fogleman v. National Surety Co., 222 Ala. 265, 132 So. 317; Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689; Lewis v. Martin, 210 Ala. 401, 98 So. 635(9).

Moreover, a motion or demurrer which is not acted on is considered as not insisted upon, McMillan v. State, 218 Ala. 602, 119 So. 652; Alabama Midland Rwy. Co. v. McDonald, 112 Ala. 216, 20 So. 472; Dixie Coal Min. & Mfg. Co. v. Williams, 221 Ala. 331, 128 So. 799; unless it is called to the attention of the court and a submission on it requested. See, Dailey v. Koepple, 164 Ala. 317, 51 So. 348; Prince v. Prince, 194 Ala. 455, 69 So. 906. This record does not show that this was done. We can look to the record alone for such information.

There is in this record only one ruling which may be assigned as error.

That is the decree of August 24, 1942, which sustained demurrer to the bill as last amended. Among the grounds assigned in that demurrer one raises the objection that the bill does not allege that complainant is in possession of the land from which she seeks to remove the cloud upon her title.

The particular cloud is the existence of the mortgage alleged to have been given as security for her husband's debt and void under section 74, Title 34, Code of 1940, as construed in Corinth Bank & Trust Co. v. Pride, 201 Ala. 683, 79 So. 255(7), and McNeil v. Davis, 105 Ala. 657, 17 So. 101.

It has often been held that such a mortgage is not an impediment to an action of ejectment for the land if the wife is not in possession, and that having such remedy at law she cannot maintain a suit in equity to remove it as a cloud on her title. Patterson v. Simpson, 147 Ala. 550, 41 So. 842; Richardson v. Stephens, 122 Ala. 301, 25 So. 39; Price v. Cooper, 123 Ala. 392, 26 So. 238; Cox v. Davis-Wilson-Gaillard Comm., 206 Ala. 167, 89 So. 437; People's Bank v. Barrett, 219 Ala. 258, 121 So. 910(2).

The demurrer was properly sustained on that ground. The other grounds do not seem to be of such sort as to need discussion.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.