# Mills, *et al.* v. Hudmon & Co.

## *Ejectment.*

(Decided February 17, 1912.   57 South. 739.)

1. *Trial; Introduction of Evidence.*—A general objection to the introduction of the record of a mortgage, the original of which had been introduced in evidence, was not sufficient.

2. *Same.*—Where a witness testified that he bought the land in for the plaintiff at the mortgage foreclosure sale, the evidence was competent and the objection that it was in writing or else void was inapt.

3. *Appeal and Error; Harmless Error; Evidence.*—It was harmless error to permit the introduction in evidence of the record of a mortgage where it was an exact duplicate of the original which was also in evidence.

4. *Frauds; Statute of; Written Authority.*—Even though the principal be a corporation written authority is not necessary to enable an agent to bid in land for the principal at a mortgage foreclosure sale.

5. *Mortgage; Validity of Foreclosure; Materiality; Ejectment.*—A defendant in ejectment having failed to plead payment on the mortgage debt under section 3851, Code 1907, cannot set up the invalidity of the foreclosure sale as an answer to an action of ejectment by the mortgagee who had purchased the land at the foreclosure sale, the validity vel non of the foreclosure sale being immaterial.

6. *Same; Payment as Defense.*—Where a defendant in ejectment at the suit of the mortgagee does not plead payment of the mortgage debt, or payments on the mortgage debt is not harmed by the exclusion of evidence of such payments.

7. *Husband and Wife; Suretyship; Mortgage on Wife's Property.*—Where the note was signed by both the husband and the wife, and the wife seeks to defeat the note and mortgage on her land on the ground that the debt was that of the husband alone, and that she executed the same as his surety, she has the burden of proof.

8. *Same.*—When part of the debt secured by the mortgage on the wife's property, was her personal debt or the joint debt of her and her husband, the mortgage would be valid to that extent, though void to the extent that the debt was exclusively that of the husband and the wife was only a surety.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

[Mills, et al. v. Hudmon & Co.]

Ejectment by Hudmon & Company against A. B. Mills & Company. Judgment for plaintiffs and defendants appeal. Affirmed.

STROTHER, HINES & FULLER, for appellant. The wife cannot become the surety of the husband and a mortgage of her lands to secure the husband's debt is void.— *Richardson v. Stephens,* 114 Ala. 238; *McNeil et al. v. Davis & Sons,* 105 Ala. 657; *Elston v. Comer,* 108 Ala. 76; *Richardson v. Stephens,* 122 Ala. 301; *Clements v. Draper Mathis & Co.,* 108 Ala. 211; *McCrary v. Williams,* 127 Ala. 353; *Henderson v. Brunson,* 141 Ala. 674. The invalidity of such mortgage may be established by extrinsic evidence in any court.—*Richardson v. Stephens,* 122 Ala. 301; *Price v. Cooper,* 123 Ala. 392. J. D. Mills was not incompetent to testify as to the transaction in which the mortgage was executed. To render a person incompetent as to a transaction with a deceased agent, the witness must have a pecuniary interest in the result of the suit.—*Birmingham Co. v. Tenn. Co.,* 127 Ala. 137; *Morris v. Birmingham National Bank,* 93 Ala. 511; *Howle v. Edwards,* 97 Ala. 653; *Garrett v. Trabue Davis & Co.,* 82 Ala. 227, 231. The court committed error in allowing the introduction in evidence of the record of the mortgage, against the objection of the defendants. The mortgage itself being in existence was the highest and best evidence and the record was not admissible.—*Burgess v. Blake,* 128 Ala. 105; *Farrow v. N. C. & St. L. Ry.,* 109 Ala. 448; *Foxworth v. Brown,* 114 Ala. 299; *Potts v. Coleman,* 86 Ala. 94. The circuit court erred in admitting evidence of the alleged foreclosure of the mortgage against the objection of the defendants. The attempted foreclosure was void, it amounted to no foreclosure at all; there was no writing of any kind evidencing a sale and the

attempted sale was therefore void under the statute of frauds.—*Nelson v. Shelby Manufacturing and Improvement Co.,* 96 Ala. 515; *Carroll v. Power, Ex'r,* 48 Ala. 298; *Jackson et al. Adm'rs v. Scott et al,* 67 Ala. 99. What occurred at the time the mortgage was executed, what was said and done at that time, was competent evidence; it was a part of the res gestae, and the court erred in excluding the testimony of Mrs. A. B. Mills as to this transaction.—*Bank v. Webb,* 108 Ala. 132; *L. & N. R. R. Co. v. Landers,* 135 Ala. 511; *LaFayette Ry. Co. v. Tucker,* 124 Ala. 514.

E. M. OLIVER, for appellee. It was not necessary that the authority to the agent to purchase at foreclosure should have been in writing.—*Jackson v. Tribble,* 156 Ala. 480. Appellants cannot complain that this transaction was void under the statute of frauds.—*Cooper v. Hornsby,* 71 Ala. 62; *Welch v. Coley,* 82 Ala. 363. It was not necessary that the attorney making the sale under the mortgage should have had written authority. —Authorities supra; 2 Jones on Mortgages, sec. 1861. The deeds were made to Mrs. A. B. Mills and she accepted the deeds when she executed the mortgage and is therefore estopped to say that the mortgage was not her debt. She cannot retain the fruit and repudiate the contract.—*Kahn v. Peters,* 104 Ala. 523; 16 Cyc. 787. There was no plea of payment and hence, evidence of payment was not admissible. The suit being by the mortgagee against the mortgagor the foreclosure became immaterial.—Authorities supra.

SOMERVILLE, J.—On May 1, 1907, the plaintiff Hudmon & Co. sold to Annie B. Mills 60 acres of land, and executed and delivered to her the deed therefor, for a consideration of $1,196.28. On the same day Annie B.

Mills, and her husband, J. D. Mills, who are here sued as codefendants, jointly executed a mortgage to plaintiff conveying said 60 acres of land, another 80-acre tract, and certain sawmill machinery and appurtenances. The mortgage recites that it is given to secure the payment of the mortgagors' two certain promissory notes of even date for $918.67 each, payable one in January, 1908, and one in January, 1909. It further stipulates that the mortgage is given for the purchase money of the land and machinery described. It recites also the existence of a previous indebtedness of $369.34, due by the note of said Annie B. and J. D. Mills made March 9, 1904, and payable April 1, 1907, which is included in, but not discharged by, the two notes of May 1, 1909. It does not directly appear what the small note was given for, but as plaintiff had sold the 80-acre tract of land to Mrs. Mills on March 8, 1907, for $888.69, it may be inferred that it was for part of the purchase money for that land. Nothing was ever paid on this mortgage debt, and the mortgage was foreclosed under the power on October 5, 1908, and bought in for the plaintiff by its agent; but no deed was executed to the purchaser, nor was any written memorial made of the sale. The plaintiff, who was the mortgagee and purchaser at said foreclosure sale, sued the defendants, the mortgagors, in ejectment, for the possession of the two tracts of land referred to, and the trial was had on the general issue, without plea or suggestion of payment of, or payments on, the mortgage debt. The court instructed the jury to find for the plaintiff, and there was verdict and judgment accordingly. The giving of this instruction, as well as numerous rulings on the evidence, are assigned as error. The theory of the appellant is that the debt for which the mortgage was given was not the debt of Mrs. Mills, but of her husband; and

that, as the land belonged to her, the mortgage was entirely void as an attempt to secure the husband's debt.

After the plaintiff had introduced the original mortgage in evidence, it was allowed against defendant's general objection to introduce also the record of the mortgage. If it was improperly admitted, still a general objection was not sufficient to exclude it; and it was in any case harmless to defendants, as the record is an exact duplicate of the original.

Plaintiff's attorney, who superintended the foreclosure sale, testified that he bought the land in for plaintiff. Defendants objected to the statement on the ground that it was in writing, or else void. The answer was competent, and the objection itself was inapt. And, as written authority was not necessary to enable the agent to bid in the land for his principal, the question to this witness as to his authority, whether written or not, was properly excluded. Nor was this made necessary by the fact that the principal was a corporation.

However, as there was no plea of partial payment, under section 3851 of the Code, the validity vel non of the foreclosure is not material to the determination of the issue.—*Jackson v. Tribble,* 156 Ala. 480, 47 South. 310. And all the rulings of the trial court to the exclusion of evidence of payments on the mortgage debt were for that reason without error.

The real question, therefore, is simply whether the debt evidenced by the two notes of May 1, 1907, or any portion of it, was the debt of Mrs. Mills. It conclusively appears that the debt for which the mortgage was given included at least the purchase money for the 60-acre tract, $1,196.28, not only from attendant circumstances, but from the express agreement found in the mortgage itself. Nor is there a word of testimony to

the contrary. Mrs. Mills herself does not attempt to deny it. True, Mr. Mills testified that the mortgage "was given for an engine and boiler," with respect to which he also stated it was his debt; the latter statement being ruled out by the court against defendants' exception. But these facts were no more than what was shown by the mortgage itself, and in no way contradictory of it. For he *was* plainly bound for the whole debt as well as for its constituent parts; and this did not render the debt, at least as to other portions of it, any less the joint or personal debt also of Mrs. Mills.

The burden of proof is on the wife to show that a debt evidenced by the note and mortgage signed by her and her husband was that of the husband merely, and that she executed them only as surety.—*Gibson v. Wallace,* 147 Ala. 322, 41 South. 960; *Sample v. Greyer,* 143 Ala. 613, 42 South. 106; *Mohr v. Griffin,* 137 Ala. 456, 34 South. 378; *Lunsford v. Harrison,* 131 Ala. 263, 31 South. 24. If the mortgage security was given for a joint debt, as to which the wife was an actual coprincipal, the inhibition of the statute does not apply.—*Lunsford v. Harrison, supra.* Nor does it apply if *any part* of the debt secured was an original personal obligation of the wife; for, as observed by WEAKLEY, C. J., in *Gibson v. Wallace, supra,* "the question at last is whether, notwithstanding the form of the transaction, the wife was attempting to secure a debt *entirely* her husband's, upon which she was not bound either separately or jointly." And again, it was said by COLEMAN, J., in *Clements v. Draper Mathis & Co.,* 108 Ala. 211, 214 19 South. 25, 27, in defining the scope of the statute. "The material question is whether the debt secured by the mortgage sought to be foreclosed, or *any part of it,* was the debt of the wife." Of course, if any distinct por-

tion of the debt was exclusively the husband's, the wife's security obligation would be null and void to that extent, but no further.

In our view of the case the plaintiff was entitled to the general affirmative charge, without regard to the testimony excluded or admitted against defendants' objection. The judgment must therefore be affirmed.

Affirmed. All the Justices concur.