# Bley, *et al. v.* Lewis.

## *Ejectment.*

(Decided November 7, 1914.  66 South. 454.)

1. *Exceptions; Bill of; Variance; Documents.*—Where the clerk was directed to insert in the bill of exceptions a deed identified by the recital that plaintiff offered in evidence a deed from B and G conveying an undivided one-third interest in the land claimed, dated Dec. 1, 1910, and filed for record Dec. 14, 1910, a deed from B to G was properly inserted in the bill as the word "and" will be considered a clerical misprision for the word "to," the deed otherwise complying with the recitals.

2. *Evidence; Res Gestae; Execution of Mortgage.*—Where a married woman, in the absence of the mortgagee, refused to sign a mortgage when requested to do so, stating to the justice of the peace that it was the debt of the husband, such statement was not part of the res gestæ of her execution and acknowledgment of the mortgage on a subsequent day, and hence, inadmissible as against the mortgagee.

3. *Husband and Wife; Mortgage; Partial Validity.*—Where part of the mortgage debt is the joint or several indebtedness of the wife.

a mortgage executed by her is valid to the extent it secures the payment of her indebtedness.

4. *Same; Separate Property.*—A wife seeking to avoid a mortgage because securing a debt of the husband has the burden of showing that her relation is that of surety only to the indebtedness secured by the mortgage.

5. *Same; Notice to Mortgagee.*—Without regard to notice of the fact that the mortgage was given by the wife to secure the debt of the husband to the mortgagee, such mortgage given by the wife is invalid, and a charge that there is a presumption of law that the mortgagee knew that the wife signed as surety in such case, is erroneous.

6. *Charge of Court; Ignoring Issue.*—A charge as to what will constitute the debts of the wife and not of the husband, which omits to incorporate the essential facts that the acts enumerated were referable to the indebtedness secured by the mortgage which the wife was seeking to avoid, was properly refused, as ignoring issues.

7. *Same; Undue Prominence.*—Charges giving undue prominence to a particular portion or portions of the evidence are refused without error.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Isidore Bley and others against Maggie M. Lewis. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

The exceptions to evidence and other facts sufficiently appear in the opinion. The following is charge 10 given for defendant: (10) I charge you that if the mortgage when signed by defendant was to secure a past debt of the husband, although you further find that said mortgage was for a security for future advances, it is a void mortgage, and no act on the part of defendant can give life to it. A. If you believe from the evidence in this case that defendant signed the mortgage and note of date February 7, 1903, as security for the husband's debt, then it is a presumption of law that the payees of said note and mortgage knew that she executed the note and mortgage as surety, if you further find from the evidence in the case that the said note and mortgage was signed jointly by defendant and her husband.

[Bley, et al. v. Lewis.]

The following charges were refused plaintiff: X. If the jury are reasonably satisfied from the evidence that Maggie M. Lewis permitted her husband to buy goods from Mayer Bros., and to have same charged to her account, and to manage, control, and rent out her lands, and collect the rent, and the crops grown thereon, and dispose of the same, and that with full knowledge of the same Maggie Lewis paid for the goods she bought and ratified her husband's acts as her agent, and that such acts and doings were committed for many years, and were ratified by Mrs. Lewis, then, although goods, wares, and merchandise were actually delivered to Mr. Lewis, but upon the credit of Mrs. Lewis, then a debt so contracted would constitute a debt of Maggie Lewis, and not of her husband.

Z. The court charges the jury that by the mortgage bearing date January 30, 1896, Mrs. Lewis constituted her husband her agent to buy goods from Mayer Bros., for her during said year, and if the said Lewis, acting under said authority, did buy goods from Mayer Bros., then such a debt would be the debt of Maggie Lewis, and not the debt of her husband.

ELMORE & HERBERT, and BESTOR & YOUNG, for appellant. The court erred in giving charge 10 for defendant. —*Mills v. Hudmon,* 57 South. 739. Charge A incorrectly places the burden of proof.—*Mills v. Hudmon, supra; Elkins v. Bank of Henry,* 60 South. 96; *Marbury L. Co. v. Woolfolk,* 65 South. 43. On these authorities, the court erred in the other charges given and refused. What Mrs. Lewis said to the justice of the peace the day before she signed and acknowledged the deed was not of the res gestae of that transaction, and in the absence of the mortgagee in no way binding on him.—*Stallings v. Hudson,* 49 Ala. 159; *Gibson v. Wallace,* 147 Ala. 322.

J. M. MILLER, for appellee. The deed purporting to be set out in the bill of exceptions is not the deed described in the directions therein contained.—73 Ala. 348; 73 Ala. 352; 77 Ala. 380; 96 Ala. 376; 108 Ala. 640. The bill of exceptions should be stricken because it is a mere copy of the stenographer's notes.—155 Ala. 673; 169 Ala. 490. With the bill out, no questions are raised for decision.

McCLELLAN, J.—This is an action in statutory ejectment. Isidore Bley, James F. Compton, and Benjamin F. Gregory are the plaintiffs (appellants); and Maggie M. Lewis is defendant (appellee). In the paper signed by the presiding judge as for a bill of exceptions on appeal to this court, this recital appears: "The plaintiff offered in evidence a deed from Isidore Bley *and* B. F. Gregory conveying the undivided one-third interest in the land *asked* for dated December 1, 1910, filed for record December 14, 1910. (The clerk will here insert the above deed)."

With the evident purpose of complying with the direction given in the quoted recital of the bill of exceptions, the clerk of the circuit court of Marengo county, whose duty it was to prepare the transcript for appeal, inserted in the part of the transcript devoted to the bill of exceptions, and at the appropriate place therein, a deed corresponding in date of execution and in date of filing for record with the descriptive words and figures appearing in the quoted recital and according with the character of interest or title mentioned in that recital; but the deed so inserted, in copy, by the clerk, was one in which Isidore Bley was grantor and B. F. Gregory was grantee, and it described the land sued for in the complaint in this cause. Motion is now made by the appellee to strike the paper so inserted by the clerk;

and this upon the notion that either the direction in the quoted recital is too uncertain in idenitficaion of the paper to be inserted, or the instrument in fact inserted by the clerk is not the paper called for in the quoted recital of the bill.

In our cases of *Looney v. Bush,* Minor, 413, *Pearce v. Clements,* 73 Ala. 256, and *Elliott v. Round Mountain C. & I. Co.,* 108 Ala. 640, 18 South. 689, the pertinent rule— written with great strictness, but no more so than the public importance of its subject exacts—is set down. It will not be departed from at this late day, nor will its effectiveness be impaired in practical administration. Mindful as we are of the rule for particular definiteness of identification in order to effect the lawful insertion in a bill of exceptions of a paper referred to and thus incorporated as a part thereof, we cannot find in the circumstances here involved such degree of uncertainty of identification as would permit the striking of the paper mentioned, to which action the appellee moves us. The rule, in such cases, is satisfied if the reference identifies the document in a way "to reasonably exclude a mistake with reference thereto." Here the paper inserted accords with the direction in the bill in respect of the date of execution and the date of filing for record. It is manifest that the word "and," appearing between the names in the recital, is a clerical misprision only. The use, in referring to a deed, of the word "from" before the first name, confirms that fact. Gregory is one of the parties to the suit. It is not asserted that any other instrument, according with the other elements of the direction to the clerk, was mentioned on the trial. The word "asked" is so associated with the other descriptive terms as to make absolutely certain that the purpose in its use was to refer to the land in suit.

The motion to strike the whole bill and to strike the part thereof containing the deed from Bley to Gregory is overruled.

There is no merit in the motion to strike the bill of exceptions because violative of rules of Supreme Court practice governing the form and character of bills of exceptions.

The plaintiffs' right to recover is rested on a mortgage executed on the 7th day of February, 1903, by Maggie M. Lewis and her husband, A. M. Lewis, describing lands owned by the wife. The mortgage was foreclosed under the power, and Bley became the purchaser at the foreclosure sale. Each of the plaintiffs owns, if the mortgage was valid, an undivided one-third interest in the lands sued for. The defense asserted is that the indebtedness for the security of which the mortgage was given was the debt of the husband, and not that of the wife; and, if so, the instrument was void under the statute.— Code, § 4497. The evidence on the trial was in conflict on this point, and so the solution of the issue was the jury's province.

There were a number of rulings on the admission or rejection of evidence. Except that to be now considered, none of these, of which appellants complain, appear to have been affected with prejudicial error. The court permitted Mrs. Lewis to adduce testimony to the effect that Mrs. Lewis declared, in the presence of Allen, the justice, on the day previous to the day on which Allen took her acknowledgement of her execution of the mortgage of February 7, 1903, but without the presence of Mayer Bros., the mortgagees, that the debt, which the mortgage was to secure, was the debt of her husband, A. M. Lewis, and not her debt; the court expressly limiting this testimony "to the fact [in dispute] as to whether it was her debt and she was surety for it." Unless the declaration

[Bley, et al. v. Lewis.]

mentioned was of the res gestae of the execution of the mortgage—the fact of its execution being admitted by Mrs. Lewis—it was inadmissible, and was erroneously received in evidence even though limited as the court undertook to do; for, if not of the res gestae of the execution of the instrument, it, at best, was self-serving only. It appears that the justice went to Mrs. Lewis' home to perfect the description of the land in the mortgage— through information to be and that was obtained from her husband—and Mrs. Lewis was then asked to sign the instrument and give her acknowledgment of its execution, but then flatly declined, stating it was not her debt. The next day she went to the home of the justice and there executed the instrument, giving her acknowledgment in the usual way. Obviously, what took place between the justice and Mrs. Lewis on the day previous to the execution of the instrument was not so related to the fact and act of execution as to render it a part, and explanatory, of the act and fact of execution of the instrument. It was not an element of the negotiations, between the parties, leading to the consummation of a binding obligation between them, as was the circumstance in *Weaver v. Lapsley,* 42 Ala. 601, 94 Am. Dec. 671, and in *Marks v. Bank,* 79 Ala. 550, 58 Am. Rep. 620.

There was evidence tending to show that a sum paid by the mortgagees, Mayer Bros., to satisfy a prior mortgage given by Mrs. Lewis on this land to a "Syndicate," formed a part of the indebtedness for the security of which the mortgage to Mayer Bros., of date February 7, 1903, was given.

Where a part of the mortgage indebtedness is the joint or several indebtedness of the wife, the mortgage is valid to the extent it secures the payment of her indebtedness, and passes the legal title.—*Mills v. Hudmon,* 175 Ala.

448, 57 South. 739. The burden of proof is on the wife seeking to avoid the incumbrance of her property to show that her relation is that of surety only to the indebtedness secured by the mortgage.—*Mills v. Hudmon, supra.*

Charge 10, given at the defendant's request, was affected with prejudicial error. Under it the invalidity of the mortgage was predicated of the securing of a "past debt of the husband," notwithstanding there was evidence tending to show that another part of that indebtedness was the wife's. The charge is not, under the evidence here, merely calculated to mislead, so as to put the opposing party to an explanatory instruction.

Charge X., refused to plaintiffs, omitted to incorporate in its hypothesis the essential fact that the acts enumerated were referred or referable to the indebtedness secured by the mortgage of February 7, 1903. It was faulty on that account, justifying its refusal.

Charge Z was properly refused to plaintiffs. It was subject to the substance of the criticism just made of charge X; and, besides as written, it was faulty in giving undue prominence to a particular feature of the evidence.

Charge A, given for the defendant, should not have been so favored by the court. It interjected an issue, as upon a presumption of law, not properly in the case. A mortgage given by the wife on her property to secure an indebtedness of the husband, only, is invalid without regard to notice of the fact to the mortgagee. There is no presumption of law prevailing in such circumstances; for the basis of the asserted presumption is wholly unimportant and immaterial. This charge may quite reasonably have had prejudicial influence upon the minds of the jury, by impressing them with the unfounded notion that the law imputed notice to the mortgagees in conse-

[Wilson v. Carling.]

quence of the hypothesized fact of the wife's suretyship.

For the errors committed in admitting the evidence indicated above and in giving charge 10, the judgment is reversed and the cause is remanded.

Reversed and remanded.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.