# Cox v. Brown.

### Bill to Foreclose Mortgage.

(Decided December 7, 1916.   Rehearing denied January 18, 1917.
73 South. 964.)

1. **Mortgages; Foreclosure; Evidence.**—Where the complainant introduced the mortgage which was self proving, there being no impeachment by special plea, and testified that the indebtedness was unpaid, except for a very small amount, and introduced a deposition proving the amount of a reasonable attorney's fee, and the only evidence of the defendant was a bill in chancery in a proceeding to which complainant was not a party decreeing title out of the mortgagor in a foreclosure suit, complainant made out his case and was entitled to foreclosure.

2. **Husband and Wife; Mortgages; Liability.**—Where the mortgage recited that Sarah J. Crumley and J. W. Crumley were justly indebted to complainant, prima facie it imported a joint obligation by both the mortgagors as principals on an original debt and the burden was then on the respondents to show that the mortgaged premises belonged to Sarah J. and that her obligation was in fact that of surety on her husband's debt.

3. **Estoppel; by Deed; Title.**—As against the grantor or his privies in title it is not necessary for the grantee to show that the grantor was in fact the owner of the premises, but the grant itself is conclusive of his title and the grantor is estopped to deny it.

4. **Judgment; Conclusiveness; Persons Bound.**—A prior judgment in the chancery court divesting title out of the mortgagors, where the mortgagee was not a party to the former action, is not admissible in the action to foreclose the mortgage.

5. **Same; Pleading and Proof; Variance.**—Where a prior judgment in another action was not referred to in the pleadings its introduction in evidence was unauthorized.

6. **Appeal and Error; Review; Presumption.**—The appellate court must presume that in a foreclosure suit the chancellor proceeded in accordance with the law.

[Cox v. Brown.]

7. **Same; Discretion.**—The granting or denying of a rehearing on a petition filed during the term at which the decree was rendered under rule 81, Chancery Practice, is a matter within the unrevisable discretion of the chancellor.

8. **Equity; Rehearing; Effect.**—When a rehearing is granted by chancery court the case stands just as if no decree had been rendered.

9. **Same.**—When a rehearing is granted by the chancellor the original submission is not ipso facto set aside but the question of allowing additional evidence to be offered is within the sound discretion of the chancellor; if it is allowed there must be notice to the other party and a resubmission.

10. **Appeal and Error; Harmless Error; Rehearing; Notice.**—Chancery Rule 81 does not provide for notice of petition for rehearing to the opposite party and requires determination without argument; hence it was not prejudicial error to grant rehearing and render final decree at the same time foreclosing a mortgage, where complainant was entitled to foreclose but the original decree erroneously denied it.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by W. A. Brown against J. W. Crumley, personally, and as administrator of Sarah J. Crumley, deceased. On death of defendant pending suit, the cause was continued against L. J. Cox, as administrator de bonis non of Sarah J. Crumley and as administrator of J. W. Crumley, and by amendment against the heirs at law of Sarah J. Crumley. Decree for complainant, and respondents appeal. Affirmed.

ROBERT N. BELL and R. D. COCHRAN, for appellants. FRANK S. ANDRESS, for appellee.

SOMERVILLE, J.—The bill was filed by complainant to foreclose a mortgage on land jointly executed by Sarah J. Crumley and J. W. Crumley to complainant in 1903, to secure their joint promissory note of even date. The recital in the mortgage is: "For and in consideration of Sarah J. Crumley's and J. W. Crumley's indebtedness to W. A. Brown, etc." Sarah J. Crumley being dead, the bill was filed against J. W. Crumley, personally, as administrator of Sarah J. Crumley; and, upon the death of the former pending suit, the cause was continued against L. J. Cox, as administrator de bonis non of Sarah J., and as administrator of J. W. Crumley, and, by amendment, against the heirs at law of Sarah J. The answers denied both the validity of the mortgage and the mortgagors' ownership of the land, and Cox's answer also denied that the notes were given for the debt of his intestate Sarah J. Crumley. Upon submission on pleadings and

proof, the chancellor rendered a final decree dismissing the bill of complaint on October 15th; but on complainant's seasonable motion for a rehearing this decree was set aside, and in its stead a final decree was rendered on November 13th, following, granting the relief prayed for. Respondents appeal from this decree, and complain: (1) That it is not supported by the evidence; (2) that, after the first decree and before the last, the bill was materially amended, and an ex parte affidavit introduced in evidence by complainant and considered by the chancellor in support of the bill, without notice to respondents of either; and (3) that the chancellor, after granting the rehearing and vacating the first decree, without notice to respondents, proceeded to render the final decree for complainant without a resubmission of the cause.

(1) 1. The only evidence offered by complainant was the mortgage and notes, which were self-proving in the absence of any impeachment by special pleas; complainant's deposition showing that the indebtedness was unpaid except for two small payments aggregating about $18; and a deposition proving the amount of a reasonable attorney's fee.

The only evidence offered by respondents was the bill of complaint in a chancery case, wherein two of the respondents were complainants and Sarah J. and Jno. W. Crumley were defendants, and the decree thereon divesting title to the lands in question out of the said defendants and into the said complainants. The bill was filed in 1909, and the decree was rendered in 1910. The present complainant was not a party to that proceeding, and there is nothing in this record to show that this complainant had any notice of the trust in favor of these two respondents, which was enforced in that proceeding against Sarah J. Crumley, as holder of the legal title. On the proceeding and evidence submitted, the complainant was entitled to the relief prayed for—the foreclosure of the mortgage.

(2) Prima facie, the mortgage and notes imported a joint obligation by both mortgagors as principals upon an original debt, and the burden was on respondents herein to show that the mortgaged premises belonged to Sarah J. Crumley, and that her obligation was in fact that of a surety to pay the debt of her husband.—*Lunsford v. Harrison*, 131 Ala. 263, 31 South. 24; *Gafford v. Speaker*, 125 Ala. 498, 27 South. 1003; *Gibson v. Wal-*

*lace*, 147 Ala. 322, 41 South. 960; *Mills v. Hudmon*, 175 Ala. 448, 57 South. 739.

(3) And as against a grantor, or his privies, it is not necessary for a grantee to show that the grantor was in fact the owner of the granted premises, so far as the operation and effect of the deed is concerned. In such a case, the grant itself is conclusive of the grantor's title, and the grantor, on the principle of estoppel, is not permitted to deny it.—*Stewart v. Anderson*, 10 Ala. 504, 508.

(4, 5) With respect to the chancery record offered by respondents, it was not competent evidence, not only because complainant was not a party to the suit, but also because nothing in the pleadings authorized its introduction in evidence. It was duly and properly objected to, and could not be considered.

(6) 2. Counsel for appellants erroneously assume that certain allegations in the petition for rehearing were ingrafted on the bill as an amendment thereto; and erroneously assume, also, that an affidavit of complainant, which accompanied the petition, was made evidence in support of the bill, and was considered by the chancellor in the rendition of the final decree. Neither assumption finds the slightest support in the record, and we must presume that the chancellor proceeded in accordance with the law. Moreover, neither the supposed amendment nor the affidavit was, in any event, either necessary or material to the result.

(7, 8) The granting or denial of a rehearing on a petition filed during the term at which the decree was rendered, under Chancery Practice Rule 81 (Code, p. 1553), is a matter within the unrevisable discretion of the chancellor.—*Ex parte Gresham*, 82 Ala. 359, 2 South. 486; *Cummings v. May*, 110 Ala. 479, 483, 20 South. 307. When a rehearing is granted, the case stands as if no decree had ever been rendered.—*Stein v. Dahm*, 96 Ala. 481, 11 South. 597.

(9) But this does not mean that the original submission is ipso facto set aside. That would result alone from the order of the chancellor; and, if no new or additional evidence is to be introduced and no material amendment is to be made, there could be no occasion for a resubmission of the cause. The question of allowing additional evidence to be offered is left to the sound discretion of the chancellor.—*Stein v. Dahm, supra.* If it is allowed, there must be notice to the opposite party and a resubmission of the cause, as a matter of course. If not, the

chancellor may proceed forthwith, under the pending submission, to the rendition of a final decree such as should have been rendered in the first instance.

(10) Rule 81, supra, does not provide for notice of the petition to the opposite party, and requires its determination without argument. Without now deciding that notice of the petition is not required in any case, it is clear that the action of the chancellor in this case was proper, and that his grant of the rehearing and contemporaneous rendition of a final decree cannot be complained of as prejudicial to appellant.

We find no error in the record, and the decree of the chancery court will be affirmed.

Affirmed.

McClellan, Mayfield, and Thomas, JJ., concur.