(75 South. 959)

TAYLOR v. MAXWELL. (6 Div. 414.)

(Supreme Court of Alabama. May 10, 1917.)

HUSBAND AND WIFE ☞171(4)—WIFE AS HUSBAND'S SURETY—BURDEN OF PROOF.

A wife seeking cancellation of a mortgage and notes on the ground that she was her husband's surety in the transaction has the burden of proof on that issue.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 674, 676, 950, 951.]

Appeal from Chancery Court, Winston County; J. J. Curtis, Chancellor.

Bill by Lillian Taylor against Joe C. Maxwell. Decree for respondent, and complainant appeals. Affirmed.

Chester Tubb, of Haleyville, for appellant. R. L. Blanton, of Haleyville, for appellee.

SOMERVILLE, J. The bill is filed by complainant to cancel a mortgage on her land executed by herself and husband to secure their joint promissory note to respondent.

Complainant claims that she was but a surety on her husband's debt, while respondent claims that she became primarily liable upon the original obligation, created by the purchase of a horse and buggy by complainant and her husband from respondent. The burden of proof as to this issue is upon complainant. Mills v. Hudmon, 175 Ala. 448, 57 South. 739. An examination of the entire evidence fails to reasonably satisfy our minds of the verity of complainant's contention in this regard, and the decree of the circuit court must be affirmed, though it seems to have been based primarily upon another consideration, the merit of which need not be now determined. We prefer to place our conclusion on the merits of the case as presented by the evidence.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.