(112 So. 815)

## Joe KENNEDY, Alias, etc., v. TOWN OF OXFORD. (7 Div. 748.)

Supreme Court of Alabama.　May 19, 1927.

Certiorari to Court of Appeals.

S. W. Tate, of Anniston, for petitioner.
Merrill & Field, of Anniston, opposed.

PER CURIAM.　Petition of Joe Kennedy, alias Canada, for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in Kennedy v. State, 112 So. 813.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.

---

(113 So. 15)

## HEADLEY v. MIMS.　(5 Div. 963.)

Supreme Court of Alabama.　May 19, 1927.

Husband and wife ⊕⟞171(4)—Where wife defends mortgage foreclosure by denying interest in debt secured, burden of proof is on her to establish debt was husband's.

In proceeding to foreclose mortgage given by husband and wife, where wife defends by denying her interest in the debt secured, the burden of proof is on her to establish that the debt was entirely that of her husband.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Bill by J. Z. Mims as administrator of the estate of Travis Headley, deceased, against Sallie Maddox Headley and another, to foreclose a mortgage on real estate. From a decree fixing complainant's lien upon the property for the amount of the debt secured and directing a sale in event of a failure of respondents to pay the amount due within the time prescribed, respondent named appeals. Affirmed.

Grady Reynolds and Omar L. Reynolds, both of Clanton, for appellant.

Appellant showed that the mortgage in question was given on her individual property to secure her husband's debt; that the loan was negotiated by the husband; that the mortgagee knew the property was that of the wife; and that the money was wanted to pay the husband's debts. She discharged the burden resting on her, and the decree should be reversed. Code 1923, § 8272; Eubanks v. Anniston Mer. Co., 171 Ala. 488, 55 So. 98; Interstate Bank v. Wesley, 178 Ala. 186, 59 So. 621; McCrary v. Williams, 127 Ala. 251, 28 So. 695; Russell v. Peavy, 131 Ala. 563, 32 So. 492; Corinth Bank & T. Co. v. Pride, 201 Ala. 683, 79 So. 255; Leath v. Hancock, 210 Ala. 374, 98 So. 274; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Lester v. Jacobs,

212 Ala. 614, 103 So. 682; Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 667.

Lawrence F. Gerald and J. O. Middleton, both of Clanton, for appellee.

The mortgage recites that the debt secured is one of both parties, thus creating the presumption that the indebtedness is joint. Cox v. Brown, 198 Ala. 638, 73 So. 964. The burden of showing to the contrary that the mortgage was to secure a debt of the husband was upon appellant. Little v. People's Bank, 209 Ala. 620, 96 So. 763; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Cox v. Brown, supra.

ANDERSON, C. J.　This bill was filed to foreclose a certain mortgage executed by the appellant and her husband, and the only defense relied upon was that the mortgage was given to secure the debt of the husband and not of the appellant. It seems that the loan was procured to pay off certain debts for goods sold a certain business first conducted by the appellant and then subsequently conducted by her husband, she claiming that she sold the mercantile business to her husband before said debts were contracted, appellee contending that she did not sell out the business to the husband and that what purported to be a sale was a sham, or, if the sale was made, the creditors were not informed of same and appellant was nevertheless liable for said debts.

The burden of proof was on the appellant to establish the suretyship for the husband's debts. Cox v. Brown, 198 Ala. 638, 73 So. 964. We think that the appellant has not only failed to meet this burden, but the weight of the evidence shows that there was no real or substantial change in the business as would affect third persons, and that she was liable for the debts contracted for the purchase of goods by the said business.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.